FRUGÉ, Judge.
This is a workmen’s compensation suit brought by Simon Gary against Fidelity & Casualty Co. of New York.
Simon Gary had been employed as a janitor for United Gas Corp. for several years. On September 14, 1960, plaintiff allegedly sustained an injury to his right arm while lifting a mail sack. After the accident plaintiff was assigned to the same job and received the same amount of wages. Later he received an increase in wages as a result of a general wage increase by the employer. On April 30, 1962, plaintiff retired from his employment. On January 16, 1963, approximately eight and one-half months after his retirement, plaintiff filed suit for workmen’s compensation based on the alleged accident of September 14, 1960. Plaintiff also prayed for penalties and attorney’s fees. Defendant filed a peremptory exception of one and two years’ prescription under LSA-R.S. 23:1209. The district court dismissed plaintiff’s suit by reason of the two year prescriptive period. From this, judgment, plaintiff appeals. The defendant, in its answer to the appeal, prays that the trial court’s judgment be modified to sustain pleas of both one and two years’ prescription.
The prescriptive period for workmen’s compensation claims is set forth in LSA-R.S. 23:1209, which reads as follows:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or delevop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
Plaintiff’s first contention is that his claim has not prescribed under the statute because the wages he received after the accident were payments in lieu of compensation. He argues that because he performed lighter work after the accident, his pay was gratuitous and therefore in lieu of compensation payment. Since the last payment was received in April of 1962, less than one year prior to filing of this suit, he contends that his claim has not prescribed.
If full wages are paid as a gratuity for performing lighter work, then the continued wages may be treated as compensation for the purpose of interrupting prescription. But wages actually earned may not be considered as compensation. Rimbolt v. City of New Orleans, La.App., 150 So.2d 871; Fruge v. Hub City Iron Works, Inc., La.App., 131 So.2d 593; Malone, Louisiana Workmen’s Compensation Law and Practice, Sec. 404. In this case the record clearly indicates that the wages paid to the plaintiff were actually earned. In his own testimony plaintiff stated that he worked the same amount of time before and after the accident; he did the same kind of work before and after the accident; and the corporation expected him to continue his share of the work load without assistance from others. This testimony is corroborated by others connected with the corporation. The only evidence of a lighter work load was that after the accident the employer provided plaintiff with a cart in which to carry mail. Prior to that time he had been carrying the mail in a sack over his shoulder. But this alone, considering all of the other work he did as part of his job, is not enough to conclude that any of his wages were paid to him as a gratuity. *868 The record indicates that there was no understanding on the part of the corporation or the plaintiff that he was to do lighter work or receive gratuitous pay. There was no reason for either to believe that any part of the wages paid the plaintiff was in lieu of compensation.
Plaintiff argues that since his pain became progressively worse as he was working, such pain did not result in total disability until his retirement in May of 1962. Plaintiff takes the position that under the Workmen’s Compensation Law, prescription on his claim did not begin to run until the total disability occurred at that time. Plaintiff cites no authority for this proposition. The statute is clearly in opposition to plaintiff’s argument. Under LSA-R.S. 23:1209, “where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident." (Emphasis ours). There is a period of “peremption of two years from the date of the accident within which all suits must be instituted.” Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522, 526. In the absence of factors interrupting prescription, the statute makes no exception providing that proceedings may be brought within one year of the date of the total disability without reference to the date of the accident. The appearance of total disability at a later date does not in itself extend the prescriptive period. In the present case the accident happened on September 14, 1960. Suit was filed on January 16, 1963. Since we have concluded that prescription was not interrupted by payment of wages in lieu of compensation, the two year peremption period had expired when suit was filed.
Plaintiff also contends that his working in pain and suffering suspended the running of prescription until he was forced to retire from his employment in May of 1962. He cites the case of Brannon v. Zurich General Acc. & Liability Insurance Co., 224 La. 161, 69 So.2d 1, in which Chief Justice Fournet stated that the “law does not expect, and it does not contemplate, that a worker, in order to make a living, must work in pain, or that he do so when it will materially increase not only the hazards tO' his own health and safety, but also to those of his fellow employees.” But that case dealt with the extent of disability of a worker who continues to work in pain and suffering. It was not concerned with prescription.
The cases dealing with pain and suffering of an injured worker are generally concerned with whether the proceedings must be brought within the one year period or the two year period under LSA-R.S. 23:1209. Work in pain and suffering cannot in itself suspend the running of the two year period. Wallace v. Remington Rand, Inc., supra; Malone, Louisiana Workmen’s Compensation Law and Practice, Secs. 384 and 404 (1962 supp.). In this case plaintiff did not comply with the two year requirement.
There is also an argument that work in pain and suffering may cause wage payments to be classified as a gratuity and therefore be wages in lieu of compensation which will interrupt prescription. Malone, Louisiana Workmen’s Compensation Law and Practice, Sec. 384 (1962 supp.). But we have already established that the payment of wages in this case was not gratuitous and in lieu of compensation.
In the present case, we conclude that pain and suffering did not interrupt the running of prescription.
In defendant’s answer to this appeal, it requests this court to bar recovery based on prescription of both one and two years. The trial judge found that plaintiff’s claim had prescribed because of the two year period. Under LSA-R.S. 23:1209, unless prescription was in some way in *869 terrupted, plaintiffs claim would certainly be barred if he did not bring proceedings within two years from the date of the accident. Since we find that prescription was not in any way interrupted and over two years passed between the day of the accident and that of filing suit, plaintiff’s claim is definitely barred. Because of this, we find it unnecessary to discuss the one year prescriptive period.
For the foregoing reasons, the judgment of the trial court is affirmed.
Affirmed.
On Application for Rehearing
En Banc. Rehearing denied.