AYRES, Judge.
Plaintiff’s appeal in this action for workmen’s compensation concerns the correctness, vel non, of a judgment sustaining a peremptory plea of prescription of two years. Invoked are the provisions of LSA-R.S. 23:1209 which provide, with respect to actions concerning personal injury (including death resulting therefrom) occasioned by accident, that “ * * * in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
*801 The record discloses that plaintiff, a mechanic, was employed by the named defendant to repair heavy industrial equipment such as tractors, road graders, and draglines. In the performance of these duties the use of large wrenches and heavy hammers, as well as other power tools, was required. While engaged in the performance of his duties February 23, 1962, using a power hammer, operated by compressed air, breaking up concrete, plaintiff sustained a chip fracture of a bone in his right wrist. This injury was accompanied by a sudden, severe, sharp pain, attended with swelling in the affected area. Both pain and swelling persisted, particularly when his wrist was strained or jarred in the performance of his duties. This injury required frequent medication to relieve the pain and reduce the swelling. Nevertheless, plaintiff, with the aid of a helper, continued to pursue the duties of his employment, for which he was paid his usual wages. He received no compensation.
At the time of the trial of the plea of peremption, January 21, 1955, plaintiff continued with the performance of the duties of his employment. A helper relieved him of the more strenuous tasks. Plaintiff’s employment was interrupted, but only temporarily, during April, 1964, by the surgical removal of an osteoma, or bony structure, which had, during the early part of the year, developed at the fracture site on his wrist.
Plaintiff contends that the continued pain and swelling suffered following the accident on February 23, 1962, and particularly during 1963 and 1964, resulted from repeated traumas received in the course of his employment, and that such constituted accidents which aggravated the pre-exist-ing condition created in the first instance, and that, accordingly, it was through these subsequent traumas or accidents that he was rendered totally and permanently disabled. It is therefore contended that this action, filed October 23, 1964, was timely.
The record, in our opinion, does not support these contentions. Plaintiff, as we have heretofore observed, sustained an accident constituting the basis of this action on February 23, 1962. This injury and the disability therefrom were immediately manifest. Within three days of the accident, plaintiff was examined by his physician and was informed that he had sustained a chip fracture of his right wrist. According to the proof in the record, which is composed solely of plaintiff’s testimony and of a statement given by him to defendant’s agent, plaintiff has been, since the date of the aforesaid accident, totally and permanently disabled. He was unable to perform 'all the duties of his employment without the aid of a helper. Plaintiff testified: “If it hadn’t have been for this helper, I would have been disabled to have done my work.” The conclusion is inescapable that plaintiff was disabled at the time of, and from injuries sustained in, the initial accident, and has continued to be so disabled as a result thereof and not through any subsequent incidents or accidents. The record is completely barren of any proof as to the occurrence of subsequent accidents; no time, place, or circumstance was alleged or established.
Appropriate here is the observation made in Gary v. Fidelity & Casualty Co. of New York, 158 So.2d 866, 868, La.App., 3d Cir. 1963 (writ refused). There, the record disclosed that plaintiff, while employed as a janitor for United Gas Corporation, injured his right arm September 14, 1960. Thereafter, he continued working at the same job for the same wage. On April 30, 1962, he retired from his employment and, on January 16, 1963, filed a suit for workmen’s compensation based on the accident of September 14, 1960. To this action, defendant filed and urged a peremptory exception of two years. In affirming a ruling on the exception,' the court stated:
“Plaintiff argues that since his pain became progressively worse as he was *802 working, such pain did not result in total disability until his retirement in May of 1962. Plaintiff takes the position that 'under the Workmen’s Compensation Law, prescription on his claim did not begin to run until the total disability occurred at that time. Plaintiff cites no authority for this proposition. The statute is clearly in opposition to plaintiff’s argument. Under LSA-R.S. 23:1209, ’where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall he forever barred unless the proceedings have been begun within two years from the date of the accident.’ (Emphasis ours). There is a period of ‘peremption of two years from the date of the accident within which all suits must be instituted.’ Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522, 526. In the absence of factors interrupting prescription, the statute makes no exception providing that proceedings may be brought within one year of the date of the total disability without reference to the date of the accident. The appearance of total disability at a later date does not in itself extend the prescriptive period. In the present case the accident happened on September 14, 1960. Suit was filed on January 16, 1963. Since we have concluded that prescription was not interrupted by payment of wages in lieu of compensation, the two year peremption period had expired when suit was filed.”
See, also, Smith v. Sohio Petroleum Company, 163 So.2d 124, La.App., 3d Cir. 1964.
Even if it should be conceded that the disability complained of may have subsequently developed from accidental injury, we must point out that the accident which caused it occurred more than two years before the filing of the suit. Hence, the plea was, in our opinion, properly sustained.
The judgment appealed is accordingly affirmed at plaintiff-appellant’s cost.
Affirmed.