CHASEZ, Judge.
Plaintiff, Isidore Millet,, a porter and long-time employee of defendant, The Pullman Company, filed two suits for workmen’s compensation claiming that he was totally and permanently disabled as a result of two separate incidents.- The cases were consolidated for. trial and appeal. In the first suit the court below awarded maximum benefits. The second suit was dismissed on the grounds that plaintiff had failed to prove the occurrence of the incident on which it was based.
*238 Defendant took an appeal with regard to the first judgment contending that any claim in that suit had prescribed, and even if not prescribed, that plaintiff is not in fact disabled.
Plaintiff appealed in both cases, praying that both judgments be reversed (evidently agreeing with defendant’s plea of prescription in the first), and judgment in his favor be entered in the second suit.
The first suit, filed on June 14, 1962, claims compensation for disability resulting from an accident in which plaintiff sustained a fracture to his leg on April 30, 1960. He was treated for some 13 months following this accident, for the fracture and an associated thrombophlebitis condition, during which period he was paid compensation and all medical expenses. He was discharged May 21, 1961, as fit to return to work and did return to work. The check for the last compensation payment made to him was negotiated no later than June 1, 1961. The record discloses that he suffered a 25% residual disability as a result of the accident and that the compensation paid him exceeded the amount due therefor.
LSA-R.S. 23:1209 'provides:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
As this suit was filed more than one year from the time of making the last payment of compensation (and more than two years after the date of the accident) it has prescribed and perempted. It does not appear .that any payments to plaintiff during the period from May 21, 1961, to August 5, 1963, can be construed as “in lieu of compensation” thus interrupting prescription. Plaintiff performed all of the duties required of him at all times and fully earned all salary payments made to him. Nor does the rule of Mottet v. Libby-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218, in which it was held that the prescriptive period did not begin to run until the delayed injury manifested itself, save the claim. It is apparent that the condition resulting in the present disability is the same for which treatment was administered from April 30, 1960, to May 21, 1961, and is a direct result of the accident of that earlier date. Even if we could say in this case that the injury did not develop until plaintiff left work on August 5, 1963, and that prescription then commehced by the express language of the statute, more than two years having elapsed since the accident sued on, the claim is “forever barred.”
We'are referred to no authority supporting, and cannot accept, the view that the claim survives because the injury developed within two years after the last payment of compensation. The statute says proceedings must have been begun, in any and all cases, “ * * * within two years from the date of the accident” not from the date of the last payment of compensation. We are forced to conclude that the lower court erred in overruling defendant’s exception of prescription to this suit.
The second of these suits, i. e., No. 424— 800, filed on June 26, 1964, claims aggravation of plaintiff’s pre-existing condition *239 by an alleged accident of June 28, 1963. The entire suit depends wholly upon some compensable event having occurred within one year previous to its filing date. It appears that this move was taken by counsel on becoming aware that the original claim was probably prescribed. The incident alleged was an accidental striking of plaintiff’s leg with or on some baggage, this blow supposedly aggravating the condition existing as a result of the 1960 accident. However, no evidence of the occurrence of this accident, nor any other accident, appears in the record other than plaintiff’s uncorroborated testimony, which is as follows :
“Q. Now, what if anything in part ticular happened to your leg in June 1963?
“A. June 1963—
“Q. That was the June before you laid off from work.
“A. June before I laid off from work — I hit my leg.
“Q. How?
“A. Carrying a bag.
“Q. You mean the bag of a passenger aboard the train.
"A. I was carrying a bag out and I hit my leg.
“Q. And you were working on the j ob when you hit your leg on the train ?
“A. Yes.
“Q. Who did you report this to?
“A. The sign-off man, I just called up, your know.”
No written report, as required by LSA-R.S. 23:1293, of such accident was ever made, nor does it appear that the employer or any of its agents ever had knowledge of the event. It does not appear that plaintiff ever sought compensation or any medical care with respect to that alleged accident from the defendant. It is true that he testified that he went to his own doctor, and it does appear that Dr. Schen-thal saw him on July 3, 1963, at which time plaintiff was referred to Dr. James T. McQuitty for surgery, but we are unable to regard this circumstance as corroborative of the June 28, 1963, accident for there is nothing in Dr. Schenthal’s report or testimony indicating that his decision in the matter was brought about because of a sudden deterioration in plaintiff’s condition. On the contrary, the doctor’s testimony reflects that he had been treating plaintiff for this condition since January, 1962, had seen him on numerous occasions and that it was the failure of plaintiff to respond favorably to his treatment during this period that brought about the referral.
Though plaintiff contends he reported by telephone to the “sign-off” man, he was unable to identify who that individual might have been or even if the person he claimed he spoke to was an employee of defendant. All of defendant’s witnesses deny any knowledge or communication with respect to such an accident. The only incidents reported during this period were (1) a turning of his right knee on June 24, 1961, resulting in a slight sprain but no loss of time, which was not made the subject of any claim, and (2) a sprain of the left elbow in May of 1963, which accident also was not made the subject of any claim and had ho relation to the condition of plaintiff’s leg.
The court below failed to find an accident and our review of the record does not disclose error in that conclusion.
Plaintiff argues that the normal day-to-day routine activity of a particular employment, if such activity aggravates a pre-existing condition, is compensable. The act requires an “accident” in order to be compensable, and LSA-R.S. 23:1021 defines “accident” as “ * * * an unexpect *240 ed or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury.”
That there is a causal connection between the present disabling condition and the original accident of 1960, is supported by the record. That the activities required of a pullman porter could, in time aggravate a circulatory condition of the leg such as plaintiff had, and perhaps eventually produce disability, finds equal support. But because the aggravation in the instant case was “ * * * the result of a gradual process, in which the unexpected, unfor-seen, sudden, or violent injury, referred to in the statute, would be altogether absent ; * * * ” we cannot say there was a compensable accident. Wynn v. Standard Roofing Co., La.App., 154 So. 668. Also see Circello v. Haas & Haynie Corp., La.App., 116 So.2d 144; Malone, “Louisiana Workmen’s Compensation” (1951), § 215.
As there does not appear to be any single event to which aggravation can be attributed, that is within the one and two year prescriptive periods of the statute, the claim must be dismissed.
As we are of this opinion, there is no need to discuss counsel’s claim for penalties and attorney’s fees.
Accordingly, it is ordered that the judgment of the court below in the proceeding entitled Isidore Millet v. The Pullman Company, No. 402-161 of the docket of the Civil District Court for the Parish of Orleans and being No. 1948 in this Court, in favor of plaintiff, Isidore Millet, for workmen’s compensation be reversed and plaintiff’s suit is dismissed; and for the reasons set forth in this opinion, there will be judgment rendered by this Court in the proceedings bearing No. 424-800 of the docket of the Civil District Court for the Parish of Orleans (No. 1949 of the docket of this. Court).' affirming the judgment of the District Court in favor of the. defendant, The Pullman Company, and against the plaintiff, Isidore Millet; all costs in both cases to be paid by plaintiff-appellant, Isidore Millet.
Reversed.