LOTTINGER, Judge.
This is a suit filed by petitioner, Moise Devillier, for total and permanent disability benefits under the Louisiana Workmen’s Compensation Act. The defendant is Hartford Accident and Indemnity Company, the workmen’s compensation insurer of petitioner’s employer, Wyandotte Chemical Company. The defendant filed an exception of prescription and peremption, which exceptions were maintained by the Lower Court and petitioner’s suit dismissed. Petitioner has taken this appeal.
The facts disclose that petitioner received an accidental injury while working for Wyandotte Chemical Company during the year 1961. He continued working for this employer until June 1, 1966. On June 1, 1966, petitioner terminated his employment with Wyandotte Chemical Corporation claiming that his condition had developed to the extent that he was unable to continue working.' This suit was filed August 12, 1966. The defendant filed the peremptory exception of one year prescription and two years peremption which were maintained by the Lower Court and petititoner’s suit dismissed. Petitioner has taken this appeal.
The record discloses that subsequent to the accident, the petitioner was paid weekly compensation benefits at the prescribed rate until some time later in the year 1961. These benefits were supplemented by his employer so that petitioner continued to receive his full salary.
Following the accident, the petitioner received an operation to his ankle. Upon his recovery from this operation, he was permitted to return to his normal occupation with his employer and his doctors recom *340 mended that he wear special high top boots and elastic stockings so as to immobilize the ankle to prevent wear and tear to the area where the surgery had been performed. These boots and stockings were paid for by the workmen’s compensation insurance carrier of petitioner’s employer.
In his suit, petitioner contends (1) that prescription or the peremption of two years did not begin to run until his injury manifested itself, and that the injury did not manifest itself until it developed into the disability for which he terminated his employment, (2) that prescription and peremption was interrupted by the periodic payment of compensation, i. e., the payment for the special boots and elastic stockings. The defendant insurer, on the other hand, contends (1) that regardless of when the injury developed the suit must be brought within two years following the accident under the provisions of R.S. 23:1209, (2) that the furnishing of special footwear cannot be considered payment of compensation but is at best the discharge of the employer’s obligation to furnish medical treatment and, therefore, is not to be considered payment of compensation so as to constitute an interruption of prescription under the numerous cases cited in its brief.
In support of his first contention, petitioner cites Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218; and Mella v. Continental Emsco, La.App., 189 So.2d 716.
In the Mottet case, the petitioner first experienced a very acute pain in his back on January 27, 1946. After completing his day’s work, he consulted his physician who diagnosed his condition as neuritis. Petitioner continued to work until his regular vacation in September of 1946 at which time he was examined by an orthopedic physician. The examination disclosed a partial thinning of the fifth lumbar in a vertebral space. On his return to work he was changed from heavy to light work at his own request. On March 11, 1947, his condition became so painful that he was forced to quit work and has remained totally and permanently disabled since that time. Suit was filed on August 4, 1947. In that case the plaintiff contended that his case came within the exceptions provided for by R.S. 23:1209 to the effect that:
“Where an injury does not result at the time of, or develops immediately after the accident, the limitations shall not take effect until the expiration of one year from the time the injury develops.”
The Supreme Court, in reversing the Appellate Court, held that the injury did not develop into total disability until March 11, 1947, and that, therefore, the quoted provisions of R.S. 23:1209 would apply. This decision was based upon the prescription of one year, and the question of the two year peremption was not at issue as suit was filed well within two years following the accident.
Again in the Mella case, the decision of the Court was based upon the one year period of prescription, and not the two year period of peremption as set forth in R.S. 23:1209. This is clearly shown by the following quotation from the opinion in that case:
“The views herein expressed obviate the necessity of passing upon appellant’s third contention, namely, that our distinguished brother below improperly held the two year prescriptive period applicable. Since appellant’s claim had prescribed because of his failure to file suit within one year of the accident, any observation on our part regarding the two year period called for in the statute would be obiter dictum.”
So we find that in both of the cited cases, the Court was only concerned with the one year prescription provided for in the first portion of R.S. 23:1209. With regard to the two year peremption, this statute further provides:
“Also, where the injury does not result at the time of, or develop immediately *341 after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.” (Italics supplied.)
The Courts of this state have repeatedly held that the provisions of R.S. 23:1209 means exactly what it says, namely that all workmen’s compensation suits must be commenced within two years from the date of the accident.
In so holding, the Court, in Gary v. Fidelity & Casualty Company of New York, La.App., 158 So.2d 866, said:
“Plaintiff argues that since his pain became progressively worse as he was working, such pain did not result in total disability until his retirement in May of 1962. Plaintiff takes the position that under the Workmen’s Compensation Law, prescription on his claim did not begin to run until the total disability occurred at that time. Plaintiff cites no authority for this proposition. This state is clearly in opposition to plaintiff’s argument. Under LSA-R.S. 23:1209, ‘where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.’ There is a period of ‘peremption of two years from the date of the accident within which all suits must be instituted.’ (Italics supplied.) Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522, 526. In the absence of factors interrupting prescription, the statute makes no exception providing that proceedings may be brought within one year of the date of the total disability without reference to the date of the accident. The appearance of total disability at a later date does not in itself extend the prescriptive period. In the present case the accident happened on September 14, 1960. Suit was filed on January 16, 1963. Since we have concluded that prescription was not interrupted by payment of wages in lieu of compensation, the two year peremption period had expired when suit was filed.”
Again in Smith v. Sohio Petroleum Company, La.App., 163 So.2d 124, the Court said:
“It is our understanding of the law that in all cases, whether the injury developed immediately or developed later, the suit must be filed within two years of the date of the accident, or else it will be barred by the peremption of two years.”
Nor are we impressed with paintiff’s second contention to the effect that prescription and peremption were interrupted by the periodic payment of compensation. He claims that the purchase of the boots and elastic stockings by the insurance carrier constituted payment of compensation benefits and consequently interrupted the running of prescription and peremption. Defendant, on the other hand, contends that when it made these purchases, it was merely paying medical expenses for petitioner’s benefit.
The jurisprudence of this state is well established to the fact that the payment of medical expenses to or for an injured employee does not interrupt the running of prescription or peremption against his claim for workmen’s compensation. In Malone, Louisiana Workmen’s Compensation, Section 384, page 500, we find:
“A payment of medical expenses does not interrupt the running of prescription. This is probably for the purpose of encouraging the employer to furnish medical assistance in all cases without fear that by so doing he may prejudice his position with respect to the possible compensation claim. Also it can be fairly contended that the furnishing of medical *342 assistance is more likely to be a gratuitous gesture that would be a payment of compensation.”
In Davis v. Brown’s Velvet Dairy Products, La.App., 43 So.2d 266, the Court held that:
“The furnishing of medical services and payment therefor by the employer does not constitute an admission of liability for compensation under the law.”
A similar holding was made by the Court in Kinder v. Lake Charles Harbor & Terminal District, La.App., 31 So.2d 498 and Michel v. Maryland Casualty Co., La.App., 33 So.2d 144.
 It is therefore clear that the payment of medical expenses will not constitute such an interruption, and the Lower Court correctly held that the purchase of the boots and stockings by the insurance carrier constituted the payment of medical expenses. This is shown by the testimony of the doctors who treated petitioner, namely, Doctors Howard Hansen and Thomas Campanella.
Dr. Hansen testified that he prescribed an elastic stocking for the plaintiff so as to prevent the swelling of the ankle. Dr. Campanella testified that he recommended the high top boots and elastic hose because it was his opinion that these devices would prevent trauma to the area where surgery had been performed and would immobilize the ankle so as to prevent wear and tear. It was his opinion that the wearing of high top shoes would stabilize and improve petitioner’s condition. Furthermore, the boots and stockings that were furnished the petitioner by the insurance carrier between the years 1961 and 1966 were not intended to replace lost income, because the plaintiff did not lose any income during these years.
It is therefore apparent that the insurance carrier was actually repaying medical expenses when it purchased the boots and stockings for the plaintiff. As the payment of medical expenses does not interrupt the running of prescription and peremption, we feel that the Lower Court was correct in maintaining the exception of peremption.
For the reasons hereinabove assigned, the decision of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.