SANDERS, Justice.
 

 The plaintiff, Carlie Ancor, brought this workmen’s compensation suit for permanent and total disability, based on the loss of sight in his right eye more than two years after a work-connected accident. The Civil District Court for the Parish of Orleans held that the action was barred by the two-year prescriptive period of LSA-R.S. 23 :1209 and dismissed the suit. The Court of Appeal affirmed, upholding the constitutionality of the prescriptive statute. 239 So.2d 431. On application of the plaintiff, based primarily on the constitutional question, we granted certiorari to review the judgment of the Court of Appeal. 257 La. 164, 241 So.2d 529.
 

 The operative facts are few. A metal fragment lodged in'Ancor’s right eye on June 7, 1965. The injury occurred in- the course of his duties as a batcher operator for defendant Belden Concrete. The frag
 
 *375
 
 ment was removed the same day, and after three-weeks treatment, he returned to work. He received compensation for the period of his disability and medical expenses.
 

 The retina detached on June 9, 1967.
 
 [1]
 
 As a result, Ancor lost all vision in his right eye. The causal connection between the accident and the retina detachment is undisputed.
 

 In dismissing plaintiff’s suit, the lower courts applied LSA-R.S. 23:1209, a section of the Louisiana Workmen’s Compensation Act, which provides:
 

 “In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment.
 
 Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
 
 (Italics ours.)
 

 Plaintiff argues that his reliance upon erroneous advice of the treating physicians suspended or interrupted the statutory time limit. However, a fair analysis of the facts and law brings the case squarely within the two-year provision. Hence, no recovery can be had if the statute is valid.
 

 The plaintiff challenges the constitutionality of the statute as applied to him, relying primarily on Sections 2
 
 [2]
 
 and 6
 
 [3]
 
 of Article 1 of the Louisiana Constitution. He asserts that the prescriptive statute is constitutionally defective as applied in the instant case, because it prescribed his claim for workmen’s compensation before the disability arose and before he had an opportunity to file suit.
 

 
 *377
 
 The defendants assert that it is within the state’s legislative power to fix a time limit running from the date of the accident for filing suits.
 

 This constitutional question has far-reaching implications. Nearly half the states have statutes of limitations in their workmen’s compensation law keyed to the “accident.”
 
 [4]
 
 The United States Longshoremen’s and Harbor Workers’ Act, 33 U.S.C.A. § 913(a), contains a similar provision.
 
 [5]
 
 Some authorities have questioned the constitutionality of these statutes of limitations on the ground that they create an insurmountable procedural bar to the exercise of substantive rights arising from late developing disability. See, e. g., 3 Larson’s Workmen’s Compensation Law, § 78.42(e), pp. 76-79.
 

 The Louisiana Workmen’s Compensation Act was adopted in 1914.
 
 [6]
 
 It rests upon the sound economic principle that the cost of injuries and deaths incurred in the manufacture or distribution of a product should be diffused in the channels of commerce as part of the price to the consumer.
 

 As originally enacted, the compensation act required only that the suit be instituted within a year from the time of “injury.”
 
 [7]
 
 Accordingly, the prescriptive period began to run only after the symptoms made their appearance. A suit could be maintained for disability arising several years after the accident. See Guderian v. Sterling Sugar & Ry. Co., 151 La. 59, 91 So. 546 (1922); Bagg v. Pickering Lumber Co., 7 La.App. 63 (1927); Malone, Louisiana Workmen’s Compensation, § 384, p. 493 (1951).
 

 In 1926, the Louisiana Legislature amended the statute by substituting the word “accident” for the word “injury.”
 
 [8]
 
 Thus, the amended statute barred the prosecution of a claim after the lapse of one year from the accident, though the disabling symptoms arose after the year had expired. See White v. Louisiana Western Ry. Co., 174 La. 308, 140 So. 486 (1932); Carroll v. International Paper Co.,, 175 La. 315, 143 So. 275 (1932).
 

 Eight years later, in order to soften the harshness of the time limit for late developing injuries, the Louisiana Legislature enacted Act No. 29 of 1934, adding the following provision:
 

 “ * * * Where the injury does not result at the time of, or develop immedi
 
 *379
 
 ately after the accident, the limitations shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the said proceedings have been begun within two years from the date of the accident.”
 

 Under this provision, the one-year period for late developing injuries runs from the date the disability or loss develops, but in all such cases the claim is forever barred if no proceedings are instituted within two years after the date of the accident. See Russell v. Employers Mutual Liability Ins. Co. of Wis., 246 La. 1012, 169 So.2d 82 (1964); Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522 (1956).
 

 The two-year provision has been consistently applied. No recovery can be had for a disability or loss developing more than two years after the causative accident. Devillier v. Hartford Accident & Indemnity Co., La.App., 219 So.2d 338 (1969); Millet v. Pullman Company, La.App., 181 So.2d 237 (1965); Gary v. Fidelity & Casualty Co. of New York, La.App., 158 So.2d 866 (1964); Davis v. Brown’s Velvet Dairy Products, La.App., 43 So.2d 266 (1949); Cook v. International Paper Co., La.App., 42 So.2d 558 (1949); Kinder v. Lake Charles Harbor and Terminal Dist., (La. App.), 31 So.2d 498 (1947); Anderson v. Champagne, La.App., 8 So.2d 373 (1942); Tate, Comment, Workmen’s Compensation Claimants’ Latent or Unknown Injuries— Prescription, 12 La.L.Rev. 73, 79 (1952).
 

 Underlying plaintiff’s constitutional attack is the circumstance that, under the statute, plaintiff had no opportunity to bring an action for his belated loss of sight. Thus, he asserts, he has been deprived of an effective remedy either in workmen’s compensation or in tort.
 

 Under familiar principles of constitutional law, the validity of a statute is presumed. The burden is upon the assailant to clearly demonstrate its unconstitutionality. Any doubt must be resolved in favor of constitutionality. Police Jury v. St. Charles Par. Waterworks Dist. No. 2, 243 La. 764, 146 So.2d 800 (1962); State v. Rones, 223 La. 839, 67 So.2d 99 (1953); Union Sulphur Co. v. Parish of Calcasieu, 153 La. 857, 96 So. 787 (1923); 16 Am.Jur. 2d, Constitutional Law, § 137, p. 336.
 

 The two-year provision of the Louisiana statute is a peremption. See Wallace v. Remington Rand, Inc., supra.
 
 [9]
 
 Important differences exist between a
 
 peremption
 
 and a prescription, or statute of limitations.
 
 *381
 
 A statute of limitations bars the remedy. It cuts off resort to the courts for the enforcement of an existing substantive right. On the other hand, we have often held that after a peremptive period has expired no cause of action or substantive right exists. See Succession of Pizzillo, 223 La. 328, 65 So.2d 783 (1953); Brister v. Wray Dickinson Co., Inc., 183 La. 562, 164 So. 415 (1935); Guillory v. Avoyelles Ry. Co., 104 La. 11, 28 So. 899 (1900); Ashbey v. Ashbey, 41 La.Ann. 102, 5 So. 539 (1889).
 

 As we construe the statute, it removes disabilities arising more than two years after the accident from the scope of liability. As to these belated disabilities, the statute confers no cause of action. Doubtless, the legislative judgment was founded upon such considerations as loss of records, death or dislocation of witnesses, lapse of memories, difficulties of medical proof, and increased risk of malingering. Hence, for his loss of vision, the plaintiff in the present case has never had a substantive right or cause of action.
 

 When the statute is thus analyzed, the precise question framed is whether the state is constitutionally required to provide a cause of action in its workmen’s compensation statute for long-delayed disabilities and losses arising more than two years after the accident. We think not.
 

 The Louisiana Workmen’s Compensation Act is an elective statute. It is non-compulsory and becomes operative 'only through the election of both the employer and employee. See LSA-R.S. 23:1038; Malone, Louisiana Workmen’s Compensation Law and Practice, § 59, pp. 71-73 (1951).
 

 It provides a framework for compensation for disability or death from work-connected injuries without regard to fault. The benefits in the Act do not include the full range of elements in tort damages. The failure of the workmen’s compensation statute to afford recovery for all losses recoverable in tort does not impair its validity. See New York Central Ry. Co. v. White, 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667, L.R.A.1917D, 1 (1917); Bergeron v. New Amsterdam Casualty Company, 243 La. 108, 141 So.2d 832 (1962); Colorado v. Johnson Iron Works Ltd., 146 La. 68, 83 So. 381 (1919); Day v. Louisiana Central Lbr. Co., 144 La. 820, 81 So. 328 (1919).
 

 In Bergeron v. New Amsterdam Casualty Company, supra, a female employee attacked the constitutionality of the statute under Article 1, Section 6 of the Louisiana Constitution because of its failure to provide compensation for a miscarriage. In upholding the statute, we stated:
 

 “ * * * In providing coverage under the Workmen’s Compensation Law and restricting the remedy, the statute at the same time instituted recovery without
 
 *383
 
 fault. The fact that the benefits under the act do not include, the full range of elements in tort damages does not render the law invalid.”
 

 The case of Lewis Drilling Company v. Brooks, Okla., 451 P.2d 956 (1969), relied upon by the plaintiff, in inapposite. The Court based its decision upon a special provision of the Oklahoma Constitution and a statute that differs from the one attacked here.
 

 In the present case, the statute grants plaintiff compensation only for the period of his initial disability and the attendant medical expenses. Concededly, both the compensation and medical expenses have been paid. Under the statute, as devised by the Legislature, he has no right of recovery for the belated loss of sight in his eye.
 

 As this Court stated in Haynes v. Loffland Bros. Co., 215 La. 280, 40 So.2d 243 (1949), the amount of compensation, to whom it is due, and the conditions under which it may be demanded address themselves to the law-making body of the state.
 

 We hold, as did the Court of Appeal, that LSA-R.S. 23 :1209 is constitutional.
 

 For the reasons assigned, the judgment of the Court of Appeal is affirmed at plaintiff’s cost.
 

 DIXON, J., concurs.
 

 [1]
 

 . The plaintiff does not allege, nor does the evidence reflect, that the detachment occurred while plaintiff was on the job.
 

 [2]
 

 . Section 2, Article 1: No person shall be deprived of life, liberty or property, except by due process of law. Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.
 

 [3]
 

 .Section 6, Article 1: All courts shall be open, and every person for injury done him in his rights, lands, goods, person or reputation shall have adequate remedy by due process of law and justice administered without denial, partiality or unreasonable delay.
 

 [4]
 

 . See 12 Schneider, Workmen’s Compensation, § 2358, p. 10; 3 Larson’s Workmen’s Compensation Law, § 78.42(a), p. 72.
 

 [5]
 

 . See Pillsbury v. United Engineering Co., 342 U.S. 197, 72 S.Ct. 223, 96 L.Ed. 225 (1952).
 

 [6]
 

 . La.Act No. 20 of 1914.
 

 [7]
 

 . La.Act No. 20 of 1914, § 31.
 

 [8]
 

 . La.Act No. 85 of 1926.
 

 [9]
 

 .
 
 Peremption
 
 comes from the
 
 exeeptio peremptoria,
 
 of the Roman Law.
 
 The ex-eeptio peremptoria
 
 destroyed the subject matter or ground of the action. See LaBruzza v. Hardware Mutual Casualty Insurance Co., D.C., 207 F.Supp. 789, 790 n. 2 (1962).