DOMENGEAUX, Judge.
Defendant appeals a district court judgment awarding plaintiff workmen’s compensation benefits for total, permanent disability.
The facts show that plaintiff had been employed as a millwright in defendant’s plant for many years. In December of 1962, while so employed, he sustained a fall which produced serious injuries to his left leg, necessitating his absence from work until July of 1963. At that time he returned to his employment but was able to remain therein for only about five or six weeks before he had to quit again due to the trouble in his leg. He finally returned to work on a steady basis in June, 1965, and, except for an absence resulting from a medical problem in no way connected with this case, he remained in his employment until March 27, 1970. On that date, because of the increasing difficulty that he was having with his leg, he terminated his employment.
During all of the time that he was absent prior to March 27, 1970, he was paid workmen’s compensation.
On August 11, 1970, he filed his petition for workmen’s compensation benefits alleging total permanent disability resulting from the accident of 1962 and the subsequent development of chronic venous insufficiency.
The issue before us is whether the petition was timely filed so as to prevent the prescription of plaintiff’s claim.
The governing statute is LSA-R.S. 23:1209, which provides as follows:
In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident. (Emphasis ours)
Clearly any claims which plaintiff might have had as a result of the accident of *279 1962 are prescribed under the terms of the quoted statute.
Nevertheless, he argues, and we agree, that if the injury does not manifest itself immediately after the accident, the one year prescription period does not begin to run until the manifestation. In this connection he points out that a diagnosis of his condition was not made until after he terminated his employment on March 27, 1970, and argues that it did not manifest itself until that date. He neglects, however, to notice the two year absolute period of peremption provided for in the statute, a mandate of our legislature which we are bound to follow. Millet v. Pullman Company, La.App., 181 So.2d 237, writ refused, 248 La. 1027, 183 So.2d 651.
If he is to recover, then, it must be on the basis of a later accident falling within the times alloted by law for the filing of claims.
The evidence, including plaintiff’s testimony, convinces us that plaintiff’s condition of venous insufficiency dates at least from the 1962 accident. Plaintiff himself stated that his difficulties had appeared with the 1962 accident and increased gradually since then. Dr. George C. Morris, the vascular surgeon who diagnosed plaintiff’s condition, called it “post-phlebitic syndrome with chronic venous and lymphatic insufficiency in the left leg”. He described the venous insufficiency as:
“. . . a chronic blockage in the deep and superficial veins of the leg following prior phlebitis. And the presumption, of course, is that this occurred following the injury. This is the usual course of things to develop phlebitis, and inflammatory and thrombotic process in the deep and superficial veins following injury.”
Dr. Morris connected the plaintiff’s ailment directly to the 1962 accident, the injury he spoke of.
Four other physicians testified in the cause: Two orthopaedists, who deferred to the vascular surgeons on the question of plaintiff’s circulation problems; Dr. Boese, a general surgeon who had operated on plaintiff’s colon; and Dr. Osborne, plaintiff’s family physician. Of these only Dr. Boese expressed an opinion contrary to that of Dr. Morris. It was the former’s view that plaintiff’s problems were arterial rather than venous, and were unrelated to the 1962 accident. Neither he nor anyone else, however, testified to the occurrence of any other accident.
The term “accident” is given a liberal interpretation for purposes of the workmen’s compensation law, nevertheless to be compensable, injuries must result from an accident. LSA-R.S. 23:1021, (1) (7); R.S. 23:1031. (The idea of occupational disease is raised by no one and is therefore not considered by us.)
Plaintiff cites two cases standing for the proposition that the collapse of unhealthy parts of the body, while at work, constitutes an accident and entitles the employee to compensation. Custer v. Higgins Industries, La.App., 24 So.2d 511; Biggs v. Libbey-Owens-Ford Glass Co., La.App., 170 So. 273. In the Custer case a tumor suddenly manifested itself as the employee was exerting pressure on an obj ect. In the Biggs case a hernia suddenly appeared in the area of a previous hernia while the employee was lifting a piece of glass weighing at least 36 lbs. Both of those cases, therefore, exemplify the occurrence of a sudden, clearly discernible accident, an element lacking in the case at bar. As stated above, plaintiff himself testified that the swelling and pain in his leg began after and as a result of the 1962 accident and had continued and increased in severity until the day that he terminated his employment. He said nothing of any specific instance of trauma, exertion, or aggravation of his condition. Under these circumstances we are unable to find, even under the most liberal interpretation of that term, an accident other than the one which occurred in 1962, and as said previously, the *280 claims that plaintiff had under that accident have prescribed.
There being no subsequent accident and plaintiff’s claim under the first having prescribed, we have no alternative but to reverse the judgment of the district court and dismiss plaintiff’s suit- at his costs in both courts.
Reversed and rendered.