GUIDRY, Judge.
This is a suit for workmen’s compensation benefits. The determinative issue raised in this appeal involves the application and constitutionality of LSA-R.S. 23:1209.
On July 15, 1970, the plaintiff received a head injury while working for Diamond Crystal Salt Company. After a six month period of convalescence, during which time workmen’s compensation benefits were paid, the plaintiff resumed work and his duties in full with Diamond Crystal Salt Company. On July 9, 1975, almost five years later, after reporting for work petitioner suffered an epileptic seizure. On July 6, 1976, plaintiff filed a petition for workmen’s compensation against the defendant, Diamond Crystal Salt Company and its insurer, Liberty Mutual Insurance Company. The time of the filing was less than one year after the injury had manifested itself, but more than the two year period of limitation established in LSA-R.S. 23:1209. The defendants filed an exception of prescription and a plea of peremption, which exception and plea were referred to the merits. After a trial on the merits, the trial judge found that plaintiff had established by a preponderance of the evidence that the epileptic seizure which he suffered was causally related to the injury sustained by him on July 15, 1970, but sustained the defendants’ plea of peremption and dismissed plaintiff’s suit at his cost. From this judgment, the plaintiff has taken this devolutive appeal.
Louisiana Revised Statute 23:1209 provides a two year peremptive period from the date of the “accident” within which an injured worker must begin workmen’s compensation proceedings or he shall be forever barred from making any claim stemming from the accident.
The jurisprudence on this issue is now settled. Both our Supreme Court, infra, and this court, in Funderburk v. Calca- *545 sieu Paper Company, 261 So.2d 277 (La. App. 3rd Cir. 1972), have previously held the above mentioned provision valid and decisive in this factual context. In Ancor v. Belden Concrete Products, Inc., 260 La. 372, 256 So.2d 122 (La.1971), the Supreme Court addressed both the constitutionality and the proper interpretation of R.S. 23:1209. The court found that the legislature was not constitutionally required to provide a cause of action in workmen’s compensation for losses arising more than two years after the accident. Even if an injury does not manifest itself immediately after the accident, a claim for recovery must still be brought within two years of the date of “accident” or the claim perempts.
Although, unlike Ancor,[1] the manifestation of plaintiff’s injury appeared shortly after he had reported for work, there is no evidence whatever that the onset of plaintiff’s seizure was caused by a job related accident or by the strain of plaintiff’s work. Rather, to the contrary, it is undisputed that the epileptic seizure occurred solely as a result of the accidental injury suffered on July 15, 1970. Under these circumstances there being no subsequent “accident”, within the meaning and contemplation of the workmen’s compensation act, plaintiff’s claim has perempted.
For the above and foregoing reasons the judgment appealed from is affirmed at appellant’s cost.
AFFIRMED.
FORET, J., concurs in the result.

. In Ancor, supra, plaintiff neither alleged not curred while plaintiff was on the job. proved that the manifestation of injury oc-