ELLIS, Judge:
This is a suit for workmen’s compensation benefits filed by Lawrence J. Lirette against Chromalloy American Corporation and Northwest Insurance Company, its insurer. To the petition, Chromalloy filed a peremptory exception of prescription. After a hearing the exception was maintained, and plaintiff’s suit dismissed as to both defendants. From the judgment of dismissal, plaintiff has appealed.
Plaintiff was first injured in September, 1976. He was treated by Dr. Rhymes for his injury, and discharged after about a year as fully cured. He missed no work and drew his full wages, and performed his full duties without restriction following that accident. No compensation was paid him.
Plaintiff was injured a second time on October 12, 1978, when he was struck by a steel beam. He was paid compensation until February, 1979, when payment was stopped. Suit was filed on the second accident on February 21, 1980.
In July, 1980, he was examined and treated at the Veterans Administration Hospital in New Orleans. The physicians at that hospital concluded that certain pain which plaintiff was experiencing in his neck and upper back was due to the injury received in the September, 1976, accident. Plaintiff then filed this suit on May 14, 1981, for compensation benefits allegedly due as a result of the first accident.
Defendants’ exception of prescription is based on R.S. 23:1209, which provides:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or *1081 death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
Defendants claim that, since this suit was commenced more than two years from the date of the accident, it has prescribed under the clear terms of the above statute.
Plaintiff claims the benefit of the doctrine contra non valentem agere non currit praescriptio.
In Nathan v. Carter, 372 So.2d 560 (La.1979), the court said:
“This court has, however, accepted in certain limited situations the common law doctrine contra non valentem agere non currit which means that prescription does not run against a person who could not bring his suit. . [Citations omitted].
“This equitable doctrine has been applied to cases wherein defendant has concealed the fact of the offense or has committed acts (including concealment, fraud, misrepresentation, or other ‘ill practices’) which tend to hinder, impede, or prevent the plaintiff from asserting his cause of action, as long as plaintiff’s delay in bringing suit is not willful or the result of his own negligence.”
In view of the clear language of R.S. 23:1209, supra, which provides a two-year peremptive period within which to bring a compensation suit for an injury which does not manifest itself immediately after the accident, we do not believe that the doctrine of contra non valentem is applicable. In Ancor v. Belden Concrete Products, Inc., 260 La. 372, 256 So.2d 122 (1971), a case in which the injury did not manifest itself until over two years after the accident, an exception of prescription was maintained to plaintiff’s workmen’s compensation suit. In its opinion, the court said:
“The two-year provision of the Louisiana statute is a peremption. See Wallace v. Remington Rand, Inc., [229 La. 651, 86 So.2d 522] supra. Important differences exist between a peremption and a prescription, or statute of limitations. A statute of limitations bars the remedy. It cuts off resort to the courts for the enforcement of an existing- substantive right. On the other hand, we have often held that after a peremptive period has expired no cause of action or substantive right exists. [Citations omitted].
“As we construe the statute, it removes disabilities arising more than two years after the accident from the scope of liability. As to these belated disabilities, the statute confers no cause of action. Doubtless, the legislative judgment was founded upon such considerations as loss of records, death or dislocation of witnesses, lapse of memories, difficulties of medical proof, and increased risk of malingering. ...”
It is, therefore, our opinion that plaintiff’s cause of action was extingúished two years after the accident, and cannot now be revived.
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED.