525 So.2d 628 (1988)
Dalton BOUILLION, Plaintiff-Appellant,
v.
SAM BROUSSARD TRUCKING CO., INC., Defendant-Appellee.
No. 87-399.
Court of Appeal of Louisiana, Third Circuit.
May 11, 1988.
*629 Domengeaux & Wright, Robert W. Diggs, Lafayette, for plaintiff-appellant.
Martin, Taulbee, Rowe, Bares & Oliver, Terry L. Rowe, Lafayette, for defendantappellee.
Before LABORDE, YELVERTON and KNOLL, JJ.
LABORDE, Judge.
This worker's compensation suit comes before us from the trial court's grant of defendant's motion for summary judgment on the ground of prescription. Dalton Bouillion, plaintiff-appellant, filed suit for worker's compensation benefits and medical expenses against his former employer, Sam Broussard Trucking Company, Inc., defendant-appellee. Plaintiff was injured in an accident that occurred in February of 1983. Defendant paid several of plaintiff's medical bills as late as June 28, 1985, but defendant never paid plaintiff worker's compensation benefits. We find the trial court's decision correct as it relates to plaintiffs claim for worker's compensation benefits; however, a genuine issue of material fact remains as to plaintiffs claim for medical expenses. It is therefore necessary to partially affirm and partially reverse the trial court's decision and remand this cause for further proceedings.

FACTS
Plaintiff, a truck driver, injured his left wrist while loading his truck. Plaintiff does not recall the exact date of the accident, but he knows that it occurred sometime in February of 1983. After the accident, plaintiff was seen by several physicians. A cast was placed over his wrist and forearm, but plaintiff was able to perform his work duties. Plaintiff continued to work until his truck was repossessed in November of 1985. Defendant, with some recalcitrance, paid plaintiff's medical expenses until June 28, 1985, but never paid plaintiff worker's compensation benefits.
Plaintiff instituted suit on June 24, 1986 for past and future medical expenses and worker's compensation benefits. Defendant moved for a summary judgment. On the day before the hearing, plaintiff submitted several depositions and a memorandum in opposition to defendant's motion for summary judgment. Attorney for plaintiff did not attend the hearing, but defendant's attorney did, and objected to the admission in evidence of plaintiff's depositions. Defendant's attorney also objected to the trial court's consideration of plaintiff's memorandum. The trial court sustained defendant's objections. Further, the trial court ruled that plaintiff's right to worker's compensation benefits and medical expenses had prescribed under LSA-R.S. 23:1209.

ANALYSIS
[1] The trial court apparently relied on the Sixteenth Judicial District's Rules of Court for authority not to consider the depositions and memorandum. Rule 7.1 provides that counsel for parties involved in summary proceedings are required to file a pre-trial memorandum in the record at least five (5) days prior to the hearing. Copies are to be sent to all parties or to their counsel of record and to the judge of the division at home chambers. Failure to comply with the rule subjects the violating party to discipline by the trial court This discipline includes assessment of costs and/or, contempt of court.
We feel that by not considering plaintiffs depositions and memorandum, the trial *630 court subjected plaintiff to a disproportionately harsh penalty for his infraction. In the interest of justice, we have examined the depositions and considered plaintiff's memorandum.
A) MEDICAL EXPENSES
The deposition of Dr. Harold J. Hebert of New Iberia, Louisiana, shows that he last received payment from defendant for treatment of plaintiff on June 28, 1985. Suit was filed on June 24, 1986; that is within one year of the last medical payment. Under Prejean v. Travelers Insurance Company, 234 So.2d 527, 530 (La. App. 3d Cir.1970), plaintiff's claim for medical expenses has not prescribed. The trial court's judgment to the contrary was erroneous and must be reversed.
B) WORKER'S COMPENSATION BENFITS
A payment of medical expenses will not serve to interrupt prescription as to a worker's compensation benefits claim. Ancelet v. Moreno's Air Conditioning, Inc., 331 So.2d 127, 129 (La.App. 3d Cir.1976).
As we explained in Rattliff v. Diamond Crystal Salt Co., 365 So.2d 543 (La.App. 3d Cir.1978), writ denied, 368 So.2d 137 (La. 1979):
"Louisiana Revised Statute 23:1209 provides a two year peremptive period from the date of the `accident' within which an injured worker must begin workmen's compensation proceedings or he shall be forever barred from making any claim stemming from the accident.
The jurisprudence on this issue is now settled. Both our Supreme Court, infra, and this court, in Funderburk v. Calcasieu Paper Company, 261 So.2d 277 (La. App. 3rd Cir.1972), have previously held the above mentioned provision valid and decisive in this factual context. In Ancor v. Belden Concrete Products, Inc., 260 La. 372, 256 So.2d 122 (La.1971), the Supreme Court addressed both the constitutionality and the proper interpretation of R.S. 23:1209. The court found that the legislature was not constitutionally required to provide a cause of action in workmen's compensation for losses arising more than two years after the accident. Even if an injury does not manifest itself immediately after the accident, a claim for recovery must still be brought within two years of the date of `accident' or the claim perempts."
Id. at 544, 545.
In this case, plaintiff failed to institute worker's compensation proceedings within two years of the accident. Plaintiff's claim for benefits has perempted. Plaintiff's bold, and naked, accusation that he was lulled into a false sense of security does not disrupt this finding. Apart from the contention, there is nothing before us to suggest that plaintiff was misled. As no genuine issue of material fact on this issue has been raised, we find the trial court's summary judgment on this matter correct.
For the above and foregoing reasons, the judgment of the trial court dismissing plaintiff's claim for worker's compensation benefits is affirmed. The trial court's judgment dismissing plaintiff's claim for medical benefits is reversed and remanded for further proceedings. Costs of this appeal are taxed equally to plaintiff and defendant.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.