Dear Mr. Pursell:
You have requested an opinion from this Office on two issues pertaining to the Lake Forest Plaza District ("District"), a special taxing district created in Orleans Parish to provide for cooperative economic development between the District, the city of New Orleans and the owners of businesses and properties within the District. The District was created in La.R.S. 33:9038.54 as a special district and political subdivision of the state to provide for renovation, restoration and development within the District's boundaries. It is administered and governed by a board of commissions.
(1) Is the statutory description of the legal boundaries of the LakeForest Plaza District definitive enough to withstand legal scrutinybased on a vagueness argument?
La.R.S. 33:9038.54(B) describes the boundaries of the Lake Forest Plaza District and provides, "The boundaries of the district shall be the same as the area known as the Lake Forest Plaza Shopping Center." Your question is whether this description is sufficient to overcome a constitutional challenge based on vagueness.
We first note that our office does not speculate on the outcome of legal scrutiny or a legal proceeding in any given instance, and in particular, we do not opine on the likelihood of success in a constitutional challenge to a state statute. Should such a challenge arise, it is the duty of the Attorney General to defend the constitutionality of the statute. We can, however, provide information regarding constitutional challenges to state statutes to aid in your determination of the sufficiency of the District's boundary description, as well as statutory boundary descriptions of other special districts for comparison purposes. We turn first to the constitutional issues and refer you to the following: *Page 2 
 Unless the fundamental rights of a person are involved, legislative acts are presumed to be constitutional. Council of City of New Orleans v. All Taxpayers, Property Owners. 841 So.2d 72, (La.App. 4 Cir.,2003); Board of Directors of the Louisiana Recovery District v. All Taxpayers, 529 So.2d 384, 387 (La. 1988); State v. Griffin, 495 So.2d 1306, 1308 (La. 1986.) The presumption is especially forceful in the case of statutes enacted to promote a public purpose, such as statutes relating to taxation and public finance. Council of City of New Orleans v. All Taxpayers, Property Owners, 841 So.2d 72, (La.App. 4 Cir.,2003); Board of Directors of the Louisiana Recovery District v. All Taxpayers, 529 So.2d 384, 387 (La. 1988). The party attacking such a statute has the burden of showing clearly that the legislation is invalid or unconstitutional, with any doubt to be resolved in favor of constitutionality. Council of City of New Orleans v. All Taxpayers, Property Owners, 841 So.2d 72, (La.App. 4 Cir.,2003); Board of Directors of the Louisiana Recovery District v. All Taxpayers, 529 So.2d 384, 387 (La. 1988); State v. Griffin, 495 So.2d 1306, 1308 (La. 1986). It is not enough to show that the constitutionality is fairly debatable, but, rather, it must be shown clearly and convincingly that it was the constitutional aim to deny t0he Legislature the power to enact the statute. Board of Directors of the Louisiana Recovery District v. All Taxpayers, 529 So.2d 384, 387 (La. 1988); Ancor v. Belden Concrete Products, Inc., 256 So.2d 122, 125 (1971). The courts have held that a law may be impermissibly vague if it does not give a person of ordinary intelligence a reasonable opportunity to know what is prohibited so he may act accordingly, or if it does not provide a standard to prevent arbitrary and capricious application. Council of City of New Orleans v. All Taxpayers, Property Owners, 841 So.2d 72, (La.App. 4 Cir.,2003; Inter Urban Bar Association of New Orleans v.City of New Orleans, 93-1006, p. 2 (La.App. 4 Cir. 3/16/95), 652 So.2d 1038, 1040.
These cites illustrate the difficulties inherent in constitutional challenges and highlight the obstacles facing anyone challenging the District's boundary description based on vagueness. In the District's case, the presumption of constitutionality is especially forceful, because the statute creating the District does not involve the fundamental rights of a person, but rather was enacted to promote the public purpose of authorizing the use of tax increment financing for economic development. This would be a difficult presumption to overcome.
Having said that, we note that our research indicates that boundary descriptions of many special districts appear to be more specific than the District's boundary description. Our research revealed numerous types of boundary descriptions, but the majority were defined using either (a) a legal description, i.e., a surveyor's written *Page 3 
description which identifies the geographical or physical boundaries of the property using carefully measured distances, angles, and directions;[1] (b) a listing of the names of streets bordering the area[2] or a combined listing of the names of streets, parishes and municipal boundaries and other landmarks, such as water bodies, railroad tracks and highways;[3] or (c) by referring to the another area, typically an area for which a legal description is available, such as a subdivision or parish.[4]
The boundary description for the Lake Forest Plaza District is similar to last type in that it ties the boundaries of the District to the boundaries of the Lake Forest Plaza Shopping Center. However, unlike a subdivision or parish which typically has a legal description available in public records, it is not obvious that a legal description exists for the Lake Forest Plaza Shopping Center. If such a document exists, it can be used to determine the boundaries of the District. The availability of such a document, however, is a factual determination that cannot be made by our office. It must be made by the District.
Our research also revealed a statute creating the New Orleans East/Lake Forest-Kenilworth Shopping Center Economically Disadvantaged Enterprise Zone. La.R.S. 33:2827 creates this zone and describes its boundaries as:
La.R.S.33:2827. New Orleans East/Lake Forest-Kenilworth ShoppingCenter Economically Disadvantaged Enterprise Zone
 C. The boundaries of the zone shall be as follows: that shopping center in the parish of Orleans known as the "New Orleans East/Lake Forest Shopping Center" bounded by 1-10 Service Road South on the north; Reed Boulevard on the east; Lake Forest Boulevard on the south; and Plaza Drive on the west; that shopping center in the parish of Orleans known as the New Orleans East/Kenilworth Shopping Center bounded by the 1-10 Service Road South on the south; Morrison Road on the north; *Page 4 
Martin Drive on the east; and Lamb Road on the west; all within the boundaries of Orleans Parish.
If this enterprise zone is the same geographical area as the Lake Forest Plaza Shopping, then it's possible that the District's boundaries can be determined using this description. Our office does not have sufficient information to make this determination, so we refer it to you for your consideration.
We hope the above information will help you in determining the sufficiency of the statutory description of the District's boundaries. If you are unable to make this determination, or if you are hesitant to rely on your determination, this matter can be resolved by filing a motion for declaratory judgment in a court of competent jurisdiction, or by seeking legislative action to add language to the statute that more clearly describes the boundaries of the District. We turn now to your second question.
(2) Is the District prohibited from granting Tax Increment Financing("TIF") to a party that is currently in default on financial obligationsowed to the City of New Orleans or the State of Louisiana?
Tax Increment Financing ("TIF") is a mechanism that local governments can use to capture future tax benefits of real estate improvements to pay the present costs of those improvements. It is a method of capturing incremental increases in tax revenues, increases presumably resulting from the development of a project, to pay the present cost of developing that project.
Louisiana's Cooperative Economic Development laws, found in Chapter 27 of Title 33, [5] create, and authorize the creation of, special taxing districts with authority to use TIF for development in areas experiencing economic distress. The Lake Forest Plaza District is one of these legislatively created special districts.
We have reviewed the provisions in Chapter 27 and find nothing that prohibits the District from granting TIF to a party currently in default of other financial obligations owed to the State of Louisiana or the City of New Orleans. La.R.S. 33:9038.42 places specific limitations the District's authority to use or engage in TIF. However, none of these limitations pertain to the financial status of parties to whom TIF may be granted. The decision as to whether to grant TIF to such a party appears to be a business decision for the Board. *Page 5 
We trust that this adequately addressed your concerns. If you have any further questions, please contact our office.
With kindest regards, I remain
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL JAMES D. "BUDDY" CALDWELL
 Attorney General
 By: __________________________
 DENISE BROU FITZGERALD
 Assistant Attorney General 
 JDC:DBF:lw
[1] R.S. 33:2740.3 Downtown Development District of the City of New Orleans; R.S. 33:2740.24 Minden Downtown Development District; R.S.33:2740.57 Downtown Development District of the City of Ruston; R.S, 22:9038.52 Capitol House Taxing District; R.S. 33:9071 Lake Carmel Subdivision Improvement District; R.S. 33:9075 Lake Oaks Subdivision Improvement District; R.S. 33:9097.2 South Burbank Crime Prevention and Development District.
[2] R.S. 33:2740.47 New Orleans Central City Economic Development District; R.S. 33:2740.53 Florida Boulevard Economic Development District; R.S. 33:2740.55 Town of Winnsboro Downtown Development District; R.S. 33:9039.62 Greater New Orleans Biosciences Economic Development District; R.S. 33: 9091.3 Audubon Area Security District.
[3] R.S. 33:1420.16 Special District in Jefferson Parish; R.S.33:2740.39 Opelousas Downtown Development District; R.S. 33:2740.54
Lower Ninth Ward Economic Development District; R.S. 33:2740.59 SW W Ouachita Economic Development District; R.S. 33:9073.1 Huntington Park Subdivision Improvement District; R.S. 33:9074 Spring Lake Improvement District;
[4] R.S. 33:130.451 Catahoula Economic and Industrial Development District; R.S. 33:2740.19 Baton Rouge Inner City Economic Development District; R.S. 33:2740.22 Drug Rehabilitation Services District of the 23rd Judicial District; R.S. 33:2740.23 West Bank Corridor Improvement Commission; R.S. 33:2740.31 Berwick Development District; R. .S. 33:9072 Lake Forest Estates Improvement District.
[5] R.S. 33:9038.20 et seq.