FRUGÉ, Judge.
The trial court awarded total and permanent workmen’s compensation benefits to H. Leroy Guinn on the finding that he sustained an accident on June 2, 1969, while employed by Central Plumbing Company. Central Plumbing was insured by Firemen’s Fund of America. Defendant appealed contending that Guinn did not suffer an accident on the job; that Guinn did not comply with the requirements of the compensation statute regarding the procedure for hernia claims. (LSA-R.S. 23:1221(4) (q); and that Guinn should be required to undergo an operation to repair his umbilical and bilateral inguinal hernias.
Plaintiff answered the appeal seeking penalties and attorney’s fees.
The plaintiff, Leroy Guinn, was employed by his father, who operated Central Plumbing Company, as a pipefitter and welder at the time of the alleged accident. He testified that he was injured on June 2nd, 1969, when he, Byron Dufore, and James D. Morace, were laying pipe to the Procter and Gamble Plant in Rapides Parish, Louisiana. Plaintiff, and the two coworkers, Morace and Dufore, gave identical versions of the accident. The testimony was to the effect that they were placing a heavy piece of pipe, weighing some S00 pounds in a trench and that a chain slipped, causing the weight of one end of the pipe to fall upon plaintiff and knocking him into the ditch. The plaintiff then went to the office and reported the accident, and did not return until after lunch. The office secretary corroborated the fact that the accident report was made and a copy of the report is in the record.
According to plaintiff’s testimony, he subsequently applied for a job as a welder in DeRidder, because his stomach was continuing to hurt him and he knew that he could not return to heavy lifting required of a plumber. The routine physical by Dr. Strieker, in connection with his work application, revealed that plaintiff was suffering from a right inguinal hernia. Plaintiff subsequently returned to Alexandria where he was examined by Dr. Spruill on August 11, 1969, for complaints of continued pain in his stomach. Dr. Spruill found bilateral inguinal hernias and also an umbilical hernia. Plaintiff was seen by Dr. Reedy on June 26, 1969, who found the umbilical hernia. In examination by plaintiff by Dr. Gutierrez on October 14th, 1969, revealed all three hernias mentioned above.
In relation to its first contention, appellant offered no evidence to refute the testimony of the two co-workers that plain *858 tiff suffered an accident involving a pipe weighing some 500 pounds, which would have thrown a sudden, unexpected strain upon him, and did not refute the fact that on the same date the plaintiff reported the accident and injury, and asked that an accident report be filled out. Appellants argue, however, that since plaintiff delayed several weeks before complaining to a doctor of the pain associated with the umbilical hernia, this leads one to believe that the accident did not occur while he was in the employ of his father’s company on or about June 2nd, 1969.
The trial judge had before him all of the witnesses in the case, as well as these contentions and arguments of the defense. In his reasons for judgment, the trial court recognized discrepancies in the testimony of the witnesses, and said that nonetheless, he felt that the plaintiff still had borne the burden of proving that an accident did occur in the scope and course of his employment. There is clearly sufficient evidence and testimony which the trial judge reasonably accepted as true and as sufficient to prove the alleged accident.
Appellant’s second contention is that Guinn did not comply with the requirement of the compensation statute regarding the procedure for hernia claims under LSA-R.S. 23:1221(4) (q). The trial judge correctly found that there was no merit in this contention. The trial court’s written reason stated:
“The defense urges that under the provisions of R.S. 23:1221 (a) 1, 2, [23:1221 (4) (q)] and 3, that a report was not promptly made of the accident and that plaintiff can claim no relief due to the fact that he had not complied with this section of the statute. This modification of the prior law is limited to the situation where an employee incurs an inguinal hernia (one or more) and that the claim should be limited to six weeks.
The difficulty with this type of defense is that under the facts of the case the inguinal hernias do not have any significance where in addition to them there exists an umbilical hernia.”
This is the proper statement of the law. The plaintiff here has suffered disability from an umbilical hernia and two inguinal hernias. The pain of which he complained at various times, was associated with the area of his naval, the spot of the umbilical hernia. The statute mentioned above makes mention only and solely to inguinal hernias. It is, therefore, inapplicable in the instant case.
Appellants further contend that since all of the medical testimony in the case indicates that surgery is recommended and that in fact, the plaintiff in the instant case is a “prime candidate” for hernia surgery, and that his refusal to submit to an operation to correct the hernias disqualifies him for benefits under the compensation act. Appellants have pointed to no cases, nor do we find any cases, in which a court has actually ordered surgery to correct a hernia. Additionally, that part of the compensation act, under which a plaintiff might be disqualified for benefits due to refusal to submit to surgery, is applicable only where inguinal hernias are involved. That is not the case here. Those provisions are inapplicable where an umbilical hernia is involved and additionally, there is no authority for forcing the plaintiff to submit to surgery under the facts of this case.
The question of penalties and attorney’s fees was properly decided by the trial court. The failure to properly file the initial report, and the plaintiff’s failure to make written demands upon the defendant, forecloses plaintiff’s right to claim such penalties. Under these circumstances, it can hardly be stated that the defendant’s refusal was either arbitrary or capricious.
For the above and foregoing reasons, the judgment of the trial court is affirmed, all costs to be paid by appellants.
Affirmed.