CULPEPPER, Judge.
This is a workmen’s compensation case. Plaintiff alleges that while employed by Antoine’s Restaurant in New Orleans, on July 18, 1968, he sustained bilateral inguinal herniae, which were surgically repaired *622 but from which he never fully recovered. He alleges that while later employed by Fred Wyble Contractors he sustained two additional accidents, in June and July of 1969, which aggravated the pre-existing injury and caused a recurrence of the her-niae. This recurrence was repaired by a second bilateral hernioplasty on October 27, 1969. Nevertheless, after this second surgery a recurrence of the left inguinal hernia developed and is disabling. Plaintiff contends this last recurrence is causally related to both the accident which occurred during his employment by Antoine’s and to those while working for Wyble. Named as defendants are Phoenix of Hartford Insurance Company, the compensation insurer for Antoine’s, and Sentry Insurance Company, the compensation insurer for Wyble. The district judge awarded plaintiff benefits for total and permanent disability against Sentry and dismissed the claim against Phoenix. Sentry Insurance Company has appealed.
The central issue on appeal concerns Sentry’s defense that plaintiff refused to submit to recommended surgery, without just cause, and hence benefits should be limited to those specified in LSA-R.S. 23:1221(4) (q).
The facts show that, while working for Antoine’s Restaurant in New Orleans, plaintiff slipped and fell on July 18, 1968, and sustained bilateral inguinal herniae. Hernioplasty was performed by Dr. John Morgan Lyons, a Board Certified Surgeon of New Orleans, who testified the surgery and recovery therefrom were normal. Plaintiff was discharged as being able to return to work on October 14, 1968. As to recurrences generally, Dr. Lyons testified the rate is about 4%, which means that about 96% do not recur.
Plaintiff was later employed by Fred Wyble Construction Company, in St. Landry Parish, as a truck driver. He sustained an injury to his right side on June 30, 1969 while loading or unloading a truck, and another injury on July 11, 1969, when he was squeezed between two bundles of lumber. He was seen by Dr. S. J. Rozas, his family physician in Opelousas, who diagnosed a definite recurrent hernia on the right side and a possible recurrence on the left. Dr. Rozas referred plaintiff to Dr. Seldon Deshotels, of Opelousas, for surgery.
On October 27, 1969, Dr. Deshotels repaired the recurrent inguinal herniae on both sides. Dr. Deshotels testified that plaintiff has emphysema and that following surgery he developed mild bronchitis and pneumonitis and coughed a great deal. Post-operatively, plaintiff developed weakness on the left side, which Dr. Deshotels diagnosed as a third recurrence of the left inguinal hernia. Dr. Deshotels expressed the opinion that due to plaintiff’s emphysema and a weakening of the tissue from the two previous repairs, the chances of a recurrence after a third repair would be 20%. However, this physician stated that during his long career as a surgeon he had performed perhaps as many as SO inguinal hernia repairs for the third time.
On the request of Sentry Insurance Company, plaintiff was seen on June 30, 1970, by Dr. Walter B. Comeaux, Jr., a Board Certified Surgeon of Lafayette. He found the right inguinal area solid, with no evidence of recurrence of hernia. However, the left side showed a weakness with a bulging in the lower end of the incision, .associated with coughing. He diagnosed a recurrence of the left inguinal hernia and recommended surgery, including the insertion of a mersilene netting in the area to strengthen the tissues. It was his prognosis that following such surgery plaintiff would be able to return to the same work he was doing for Wyble.
Dr. Comeaux stated the fact that plaintiff had undergone two previous surgeries without difficulty and that he appeared to be a healthy, robust male, approximately 50 years of age, indicated there is no unusual or serious danger involved in the recommended hernioplasty. It was Dr. Co- *623 meaux’s opinion that the danger of a strangulation of the unrepaired hernia was much greater than any surgical hazard. This physician also testified that due to increased knowledge of the anatomy of the lower abdominal wall and the development of approved surgical techniques, recurrence is now unusual.
The applicable statute is LSA-R.S. 23:1221(4) (q), which reads as follows:
“(1) In all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment, that the accident was reported promptly to the employer, and that the employee was attended by a licensed physician within thirty days thereafter.
“(2) If the employee submits to treatment, including surgery, recommended by a competent physician or surgeon, the employer shall pay compensation benefits as elsewhere fixed by this Chapter.
“(3) If the employee refuses to submit to such recommended treatment, including surgery, and establishes by a preponderance of the evidence that his refusal is based upon his conscientious religious objection thereto or that such recommended treatment, including surgery, involves an unusual and serious danger to him, the employer shall pay compensation benefits as elsewhere fixed by this Chapter. In all other cases of the employee’s refusal to submit to such recommended treatment, including surgery, the employer shall provide all necessary first aid and medical treatment and supply the necessary truss, support, or other mechanical appliance at a total cost not in excess of five hundred dollars. In addition, the employer shall pay compensation for a period not to exceed twenty-six weeks.
“(4) Recurrence of the hernia following surgery shall be considered as a separate hernia, and the provisions and limitations of this section shall apply.
“Added by Acts 1968, Ex.Sess., No. 25, § 5.”
In the present case, the first issue is whether, under Section 3 quoted above, plaintiff has established by a preponderance of the evidence that the recommended surgery “involves an unusual and serious danger to him.” There is no evidence that there is any unusual and serious danger. Dr. Deshotels, who performed the second bilateral hernioplasty, testified that since plaintiff has emphysema and coughs a great deal, and since the tissues are weakened by the first two surgeries, there is a 20% chance of recurrence after a third surgical repair. However, Dr. Deshotels makes no mention of any unusual and serious danger which could be expected from the recommended surgery. On the other hand, Dr. Comeaux testified, as detailed above, that there is no unusual or serious danger.
Under the circumstances, we think it is clear that plaintiff has failed to establish by a preponderance of the evidence that the recommended surgery involves unusual and serious danger to him. Hence, plaintiff’s recovery is limited to the benefits provided by LSA-R.S. 23:1221(4) (q).
Plaintiff makes an argument under LSA-R.S. 23:1221(4) (q) (4), which provides that “Recurrence of the hernia following surgery shall be considered as a separate hernia, and the provisions and limitations of this section shall apply.” (emphasis supplied) The contention is that the use of the words “the hernia” restricts recurrences under the statute to the first recurrence after the original hernia. Under this interpretation, plaintiff could not be required to submit to surgery except for the first recurrence. This argument has no merit. The obvious purpose of the statutory provisions in question is to treat each new recurrence as a separate hernia, *624 the repair of which could be recommended by a competent physician or surgeon.
Both plaintiffs and defendants have cited Desormeaux v. American Mutual Liability Insurance Company, La.App., 224 So.2d 198 (3rd Cir. 1969) as stating the tests to be applied in determining whether an employee should be required to submit to surgery. That case involved recommended surgery to the hand, and states the jurisprudential rule which has evolved from the landmark case of Bronson v. Harris Ice Cream Company, 150 La. 455, 90 So. 759 (1922).
Malone, Louisiana 'Workmen’s Compensation Law & Practice, § 234, observes that the compensation statute (prior to 1968) did not impose a duty on the employee to submit to surgery. Jurisprudence, originating with the Bronson case, supra, developed the rule requiring submission to treatment. In 1926 the compensation act was amended to require the employee to submit to a hernia operation, but that amendment was repealed in 1928. Now, after Malone’s text was written in 1951, the legislature has adopted the above quoted statute requiring an employee to submit to surgical repair of a hernia, Acts 1968, Ex.Sess. No. 25. This statute is controlling in the present case. Although the jurisprudential rules which developed regarding submission to surgery for other injuries may be •helpful for purposes of analogy, the tests which are controlling are contained in the 1968 statute.
The only case we find construing the 1968 statute is Guinn v. Firemen’s Fund of America, 243 So.2d 856 (3rd Cir. 1971). We refuse to apply the statute in that case, primarily because the injury involved both an umbilical and an inguinal hernia. By its express terms, the statute applies only to an “inguinal hernia.”
Since benefits must be allowed under LSA-R.S. 23:1221(4) (q), it becomes necessary for us to decide whether the present disabling recurrence of the hernia is causally connected with both the accident at Antoine’s Restaurant and the accidents while plaintiff was working for Wy-ble. The evidence shows that Dr. Lyons performed the first hernioplasty in New Orleans in July or August of 1968, following which plaintiff returned to work at Antoine’s. Later plaintiff went to work for Wyble Construction Company in St. Landry Parish and performed the duties of a truck driver for many months. After the accidents while working for Wyble, plaintiff first went to Dr. Rozas and in giving the history did not mention that he had any difficulty from the original surgery until the time of the second accident. Of course, a respectable argument can be made that each hernia causes a man to be more susceptible to another. However, under the evidence of this case we find no manifest error in the trial judge’s determination that the present disabling hernia is not causally related to the .accident at Antoine’s Restaurant. The claim against Phoenix Insurance Company must therefore be rejected.
For the reasons assigned, the judgment appealed is amended so as to limit plaintiff’s recovery to those benefits set forth in the last two sentences of LSA-R.S. 23:1221(4) (q) (3), i. e., necessary first aid and medical treatment and the necessary truss, support or other mechanical appliance at a cost not in excess of $500 and, in addition, weekly compensation payments for a period not to exceed 26 weeks. Otherwise, the judgment is affirmed. The costs of this appeal are assessed against plaintiff and Sentry Insurance Company in equal proportions.
Affirmed, as amended.