CULPEPPER, Judge.
Plaintiff seeks workmen’s compensation benefits for total and permanent disability resulting from a work-caused inguinal hernia and/or recurrences thereof. Defendants are the alleged employer, Helden-brand, Inc., and its insurer. An exception of the prescriptions of one and two years provided by LSA-R.S. 23:1209 was filed by defendants. From a judgment sustaining this exception, plaintiff appealed.
The sequence of pertinent events is as follows:
1) July 12, 1968 — Plaintiff sustained a right inguinal hernia while in the course and scope of his employment by the defendant, Heldenbrand, Inc.
2) March 13, 1969 — The right inguinal hernia was surgically repaired.
3) May 28, 1969 — Last payment of compensation for disability from first injury and surgery.
4) October 13, 1969 — A recurrence of the right inguinal hernia was surgically repaired.
5) March 30, 1970 — Last payment of compensation for disability from the first recurrence and surgery.
6) November — 1971—Surgical repair of a second recurrence of the right inguinal hernia.
7) November — 1971—Last day of employment by the defendant, Helden-brand, Inc.
8)April 10, 1972' — Last payment of compensation for disability resulting from the second recurrence and surgery.
9)August 23, 1972 — Medical diagnosis of a recurrence of the right inguinal hernia after plaintiff’s employment by Heldenbrand, Inc. was terminated.
10)May IS, 1973 — The present suit was filed.
LSA-R.S. 23:1209 establishes the prescriptive periods applicable to suits for workmen’s compensation benefits as follows :
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
LSA-R.S. 23:1221(4) provides special rules applicable to inguinal hernias and reads in pertinent part as follows:
“(q)(l) In all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment, that the accident was re *451 ported promptly to the employer, and that the employee was attended by a licensed physician within thirty days thereafter.
ijt * * * * *
“(4) Recurrence of the hernia following surgery shall be considered as a separate hernia, and the provisions and limitations of this section shall apply.”
Under LSA-R.S. 23:1221 (4) (q) (4) quoted above, as construed by this Court in LeBleu v. Phoenix of Hartford Insurance Company, 254 So.2d 621 (La.App., 3rd Cir. 1971), it is clear that in the present case the original injury and each of the three recurrences of the hernia following surgery must be considered as a separate hernia. Therefore, each will be considered separately for purposes of prescription.
It is clear that any cause of action arising out of the original accident on July 12, 1968 has prescribed. The last payment of compensation for that accident was made on May 28, 1969. Hence the prescriptions of one and two years under LSA-R.S. 23:1209 had elapsed before this suit was filed on May 15, 1973.
It is also clear that any cause of action arising out of the first recurrence of the hernia, which was surgically corrected on October 13, 1969, has also prescribed. The last payment of compensation arising out of this first recurrence was on March 30, 1970. Hence the prescriptions of one and two years had run by the time this suit was filed on May 15, 1973.
Also, any cause of action arising out of the second recurrence, which was surgically repaired in November of 1971, has prescribed. The last payment of compensation benefits for this recurrence was on April 10, 1972, which was more than a year before this suit was filed on May 15, 1973. Hence the prescription of one year under R.S. 23:1209 had run.
There is evidence in the record that the last payment of medical expenses arising out of the second recurrence was made on May 15, 1972 or on May 18, 1972, and plaintiff mentions this in his brief. In any event, our jurisprudence is established that the payment of medical expenses does not interrupt the running of prescription as to workmen’s compensation payments, Rowley v. Lumbermen’s Mutual Casualty Company, 247 So.2d 135 (La.App., 4th Cir. 1971), writ of certiorari refused; Devillier v. Hartford Accident & Indemnity Company, 219 So.2d 338 (La.App., 1st Cir. 1969), writ refused; Davis v. Brown’s Velvet Dairy Products, 43 So.2d 266 (La.App., Orl.App.1949); Michel v. Maryland Casualty Company, 33 So.2d 144 (La.App., 1st Cir. 1948), writ of certiorari refused; Kinder v. Lake Charles Harbor.& Terminal District, 31 So.2d 498 (La.App., 1st Cir. 1948), and Malone, Louisiana Workmen’s Compensation Law & Practice, Section 384 at page 500. Under this jurisprudence, regardless .of when the last payment of medical expenses was made, it did not interrupt the running of prescription as to compensation.
The third recurrence of the hernia was on or about August 23, 1972. This suit was filed on May 13, 1973, which was within a year after the date.of this third recurrence. Plaintiff correctly argues in his brief that the exception of prescription should not have been sustained as to this third recurrence.
Nevertheless, plaintiff cannot recover compensation benefits arising out of this third recurrence, because his petition fails to state a cause of action in that regard. Plaintiff’s petition expressly alleges: “On August 23, 1972, despite the fact that plaintiff did not return to work for defendant, had no trauma, and did no heavy work whatsoever, a firm diagnosis was made that he had a recurrence of his right inguinal hernia.” There is no allegation in plaintiff’s petition that this third *452 recurrence resulted from any injury by accident arising out of and in the course and scope of his employment by the defendant, Heldenbrand, Inc.
As stated above, under the provisions of LSA-R.S. 23:1221 (4) (q) (4), as construed by this Court in the LeBleu case, each of the three recurrences of the hernia following surgery must be considered as a separate hernia “and the provisions and limitations of this section shall apply.” One of these provisions and limitations which must be applied is that stated in LSA-R.S. 23:1221 (4) (q)(l), quoted above, which is that as to each hernia, or recurrence thereof, “it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment.” Since there is no allegation in plaintiff’s petition that this third recurrence, which was diagnosed on August 23, 1972, resulted from injury or accident arising out of and in the course and scope of plaintiff’s employment by Heldenbrand, Inc., the petition does not state a cause of action as to the third recurrence.
Defendants did not file an exception of no cause of action. However, under LSA-C.C.P. Article 927, the failure of plaintiff’s petition to disclose a cause of action “may be noticed by either the trial or appellate court of its own motion.” Under this article, we find plaintiff’s petition fails to state a cause of action as to the third recurrence of the hernia.
For the reasons assigned, the judgment appealed is affirmed insofar as it sustains the exception of prescription as to the original hernia and the first and second recurrences. As to the third recurrence, the exception of prescription is overruled, but this court of its own motion finds plaintiff’s petition fails to state a cause of action. All costs in the trial and appellate courts are assessed against the plaintiff.
Affirmed, as amended.