STOKER, Judge.
This is an appeal by a workmens compensation claimant, James Comeaux. Plaintiff-appellant suffered a back injury in the course of his employment with Deleambre Seafood Market on June 10, 1973. This action was not filed until November 17, 1975. The question to be decided is whether under R.S. 23:1209, plaintiff’s claim is barred by prescription, and if not, has it been lost by peremption. The defendant employer and its workmens compensation insurer, Allstate Insurance Company, filed exceptions of prescription and peremption. The trial court sustained the exception of prescription and gave written reasons for judgment.
The trial evidence appears to consist of certain exhibits, the deposition of the claimant, James Comeaux, and of Donald Ray May, a claims supervisor for Allstate Insurance Company,' together with an exhibit attached to May’s deposition. The exhibit is a compensation check payable to plaintiff-appellant (endorsed by him) dated October 4, 1974 issued on behalf of defendants-appellees covering the period from September 30, 1974 to October 14, 1974. The evidence establishes without contradiction that this was the last compensation payment made on behalf of defendants to plaintiff. On the basis of this evidence the plaintiff’s claim had prescribed when suit was filed more than one year after October 14, 1974.
*1279 In plaintiff-appellant’s brief, it is stated that the issues are as follows:
I. . . . WHETHER THE PAYMENT BY APPELLEE TO APPELLANT FOR ONE (1) DAY (sic) WORK FOR WHICH APPELLANT DID NOT WORK HAD THE EFFECT OF INTERRUPTING THE RUNNING OF ONE (1) YEAR PRESCRIPTION.
II. WHETHER THE AGGRAVATION OF APPELLANT’S PHYSICAL CONDITION BY ATTEMPTING TO WORK FOR APPELLEE, DEL-CAMBRE SEAFOOD MARKET, AS PER ADVISE (sic) OF APPELLANT’S PHYSICIAN AND AP-PELLEES PHYSICIAN HAD THE EFFECT OF INTERRUPTING PRESCRIPTION AND/OR CREATING A NEW CAUSE OF ACTION AGAINST APPELLEES.
The one day of work referred to above has reference to testimony of James Co-meaux in his deposition that he was requested by physicians representing the defendant to attempt to perform his former duties or light duty as an aid to recovery. James Comeaux further testified that he complied with the request and attempted to work but was unable to do so and reinjured his back in the process. Comeaux alleges that he was paid for this “attempt” at working; therefore, he was paid a gratuity. On the basis of the aggravation and gratuity plaintiff-appellant urges that prescription was interrupted.
Plaintiff’s testimony as to his one day of attempted work is not-corroborated by any other evidence. Neither is it contradicted. Even if James Comeaux’s testimony is accepted at face value, it unfortunately avails him nothing. He failed to establish when the alleged work was performed. All that he could say was that it “would have been in ’74.” Therefore, whether the facts testified to would operate as an interruption of prescription can not be considered as the critical date is not established. This suit was filed on November 17, 1975. Therefore, unless the date of such alleged payment was made subsequent to November 16, 1974, it could not be considered at all.
The exceptions of prescription and peremption were fixed for trial on September 24, 1976. The plaintiff did not appear. Plaintiff’s attorney attempted to introduce an affidavit of the plaintiff dated June 22, 1976. No continuance was requested on plaintiff’s behalf and his counsel contented himself with urging the court to admit the affidavit. The court heard objections from defendants and took the question under advisement (Tr. 108-109), later ruling it was inadmissible (Tr. 93). However, in his written reasons for judgment dated September 27, 1976' the Trial Judge states that in “an effort to do justice to the claim of plaintiff” he has read the affidavit. According to the Trial Judge the affidavit''“simply says he (plaintiff) received $3.00 for transportation to and from Dr. Meuleman’s office and that he would present evidence to show that his claim has not prescribed.” Inasmuch as this affidavit was executed on June 22,1976 and the exceptions ■ were not heard until September 24, 1976, the affidavit was not relevant even if admissible. We agree with the Trial Judge that the information in the affidavit is not sufficient to prove an interruption of prescription.
October 15, 1976 counsel for plaintiff-appellant filed a motion for a new trial. As the principal ground for the new trial sought, the motion contains the following allegation:
On the date of the trial of the exception in this matter, plaintiff was ill and his wife had just experienced a severe heart attack, consequently, he was unable to be present. Furthermore, on the date of said trial, counsel for plaintiff inadvertently offered, filed and introduced in evidence an affidavit dated June 22, 1976, when in fact and in truth he had intended to offer, file and introduce in evidence an affidavit of James Comeaux dated September 14, 1976, which is verified by the argument set forth in the pre-trial memorandum.
*1280 The affidavit in question sets forth among other allegations that James Co-meaux “is fully aware” that his trial on the exceptions was fixed for September 24, 1976 at 10:00 A.M. (i. e. ten days later). Then the affidavit sets forth that, if his condition or that of his wife prevented him from being present at the trial, “he would have the Court to know that had he been present he would testify to the fact that the prescription and/or peremption was interrupted as follows:” Among the facts the affiant swore he would testify to was that date he claims he went back and attempted to work for one day at his employer’s business was November 21, 1974. This means that ten days before trial counsel knew his client would give this testimony, obtained the affidavit, expected to have it accepted as evidence, but neither before trial or af-terwards was a continuance asked for. No attempt was made to obtain plaintiff-appellant’s deposition in advance of trial. (The deposition of James Comeaux which was introduced in evidence was a discovery deposition taken by defendants on April 12, 1976 and introduced over defendants’ objections Tr. 106-108).
On October 19, 1976 the trial court denied the motion for new trial holding: “The plaintiff has furnished a new affidavit dated September 14, 1976 which I have read, and he has still not presented credible evidence that would prevent the running prescription.” The trial court committed no error in refusing to grant a new trial. Even if the affidavit had been presented at the original trial, it would have been inadmissible despite the liberal rules of evidence which apply in workmens compensation matters.
Plaintiff-appellant relies on two other grounds for interruption of prescription. One is that he was lulled into believing that defendants were going to settle the claim with him. The other is that medical payments were made within one year of the time suit was filed. Plaintiff-Appellants has shown no change in the law, and we find none, which holds that payment of medical expenses does not interrupt the running of prescription of the right to workmens compensation payments. Owens v. Liberty Mutual Insurance Company, 296 So.2d 449 (La.App.1974) reversed on other grounds, 307 So.2d 313 (La.). As to the claims that plaintiff-appellant was lulled into inaction because he believed that defendants were going to settle his claim, there is nothing in the record whatsoever to support such a claim.
The trial court’s written reasons for judgment treated the exception of prescription only and indicated it should be sustained. However, the formal judgment appears to have sustained both exceptions. We hold that both exceptions were properly sustained. Therefore, the dismissal of the plaintiff-appellant’s suit is affirmed and costs of this appeal are assessed to him.
AFFIRMED.