422 So.2d 695 (1982)
Maude E. FONTENOT, Plaintiff-Appellant,
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY, Defendant-Appellee.
No. 82-306.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
Kramer & Hammill, Bernard Kramer, Alexandria, for plaintiff-appellant.
Trimble, Randow, Percy, Smith, Wilson & Foote, James Michael Percy, Alexandria, for defendant-appellee.
Before DOUCET, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
Maude E. Fontenot appeals the judgment dismissing her workers' compensation claim on an exception of prescription filed by her employer, South Central Bell Telephone Company. We affirm.
Plaintiff has been employed by South Central Bell since 1968. On February 20, 1979, while training for a new position as installer repair technician, she fell from a telephone pole from a height of six feet, striking her head and suffering temporary unconsciousness. No untoward results were detected on medical examination and she returned to work immediately.
Nothing happened until late 1980 when she began to experience occasional strange "feelings" which lasted but a few seconds then disappeared. She did not see a doctor and continued normal living and working routines. On May 12, 1981 while at home she had a seizure and was hospitalized. She remained off work until August 1981, receiving sick leave benefits throughout this time.
The undisputed medical testimony of two neurosurgeons who saw and treated her following the May 12, 1981 incident was that on that date she suffered a grand mal seizure. There being no prior medical history of epilepsy and considering her age of 32, these doctors felt the February 20, 1979, accident was the cause of her condition. They advised that she do no work that might require climbing.
On August 5, 1981, when plaintiff returned to work she was assigned to the job of customer clerk. Her new pay rate was less than what it had been three months *696 earlier but more than what it was on the date of her accident two and one-half years earlier.
Suit was filed August 28, 1981, two and one-half years after the accident.
There are three prescriptive periods provided by LSA-R.S. 23:1209[1] applicable to workers' compensation claims. They are: (a) one year from the date of the accident, or (b) one year after the last payment of compensation, except in cases of partial disability, when the period is three years after the last payment of compensation, or (c) one year from the time the "injury develops" if the injury "does not result at the time of, or develop immediately after the accident", but in no event more than two years after the accident.
Although plaintiff filed suit within one year of the development of the injury, the injury did not develop until over two years after the accident. To avoid prescription, therefore, plaintiff was required to show that the two year period was interrupted or that the three year period for cases of partial disability was available to her.
Plaintiff urges that the partial disability provision and its limitation of three years is available to her for two reasons: (1) she was partially disabled and the three year prescriptive period for partial disability, as the latest expression of the Legislative will, controls over the two year period in the case of a conflict, and (2) prescription has been interrupted because of payments she has received since the injury.
We agree that the three year period is controlling in a case of conflict. Miller v. Belden Corporation, 386 So.2d 974 (La.App. 3rd Cir.1980). However, there is no conflict here because no weekly compensation benefits were ever paid plaintiff. The partially disabled claimant is granted three years for filing suit only when compensation payments have been made then discontinued. The three year period is counted from the date of the last payment of compensation. When no compensation benefits have been made the three year period never comes into operation. In these circumstances the longest prescription that can be applicable for developing injuries is the two year period.
The plaintiff urges us to hold that medical payments and sick leave benefits constitute "payments" sufficient to interrupt the prescription provided by Section 1209. It is now well settled that only weekly compensation payments will interrupt prescription. Lester v. Rebel Crane and Service Co., 393 So.2d 674 (La.1981); Malone and Johnson, Workers' Compensation Law and Practice, 2d Ed., 1980, § 384, page 241. Plaintiff did not allege or prove that weekly compensation payments had been paid. Plaintiff suggested only that the defendant had made medical payments to Mrs. Fontenot. There was no evidence of medical payments but, even so, the payment of medical expenses does not interrupt the running of prescription. LSA-R.S. 23:1204; Comeaux v. Delcambre Seafood Market, 346 So.2d 1277 (La.App. 3rd Cir. 1977). The only evidence of payments of any kind are three South Central Bell forms which indicate that sick leave benefits were provided to plaintiff. In Bell v. Gulf Insurance Co., 313 So.2d 277 (La.App. 3rd Cir. 1975) this court held that sick leave payments do not interrupt prescription. See also Rattliff v. Diamond Crystal Salt Co., *697 365 So.2d 543 (La.App. 3rd Cir.1978) involving facts very similar to the present case.
There is no error in the trial court determination that plaintiff's claim has prescribed. The judgment is affirmed at plaintiff's costs.
AFFIRMED.
NOTES
[1] "§ 1209. Prescription

"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."