FORET, Judge.
Wilfred Owens, Sr. (plaintiff) brought this workmen’s compensation action to recover disability benefits from defendants, Heldenbrand, Inc. (plaintiff’s former employer), and its workmen’s compensation insurer, Liberty Mutual Insurance Company (Liberty). Plaintiff also sought to recover penalties and attorney’s fees.
After trial on the merits, the trial court rendered judgment in favor of plaintiff, awarding him permanent total disability benefits at the rate of $45.50 per week for 500 weeks. However, the trial court also rendered judgment in favor of defendants, denying plaintiff’s claim for penalties and attorney’s fees.
Defendants appeal and raise the following issues:
(1) Whether the trial court erred in finding that plaintiff was entitled to an additional 500 weeks of disability benefits as a result of the recurrence of an inguinal hernia sustained by plaintiff in May, 1977.
(2) Whether the trial court erred in finding that defendants should commence paying this additional 500 weeks of disability benefits to plaintiff on April 27, 1982.
Plaintiff has answered the appeal and raises the issue of whether the trial court erred in finding that defendants’ action in terminating the payment of disability benefits to him was not arbitrary, capricious, or without probable cause.
FACTS
Plaintiff’s action is based upon the recurrence of an inguinal hernia initially caused by a work-related accident which occurred while he was employed by Heldenbrand, Inc. This is not the first time that this matter has been the subject of litigation.
■ The accident in which plaintiff sustained the original hernia occurred on July 12, 1968. On August 23, 1972, the third recurrence of this same hernia was diagnosed, although plaintiff had suffered no trauma. At this time, he was no longer employed by Heldenbrand, Inc. On May 15, 1973, plaintiff filed suit against defendants for disability benefits. An exception of the prescription of one and two years (as provided for by LSA-R.S. 23:1209) was filed by defendants. From a judgment of the trial court sustaining this exception, plaintiff appealed.
In Owens v. Liberty Mutual Insurance Co., 296 So.2d 449 (La.App. 3 Cir.1974), writ granted, 299 So.2d 787 (La.1974), we found that the trial court had incorrectly sustained defendants’ exception of prescription. However, we also found that plaintiff’s petition failed to state a cause of action as there was no allegation therein, “... that this third recurrence, which was diagnosed on August 23, 1972, resulted from injury or accident arising out of and in the course and scope of plaintiff’s employment by Heldenbrand, Inc. ... ”. Thus, we affirmed the judgment of the trial court (as amended).[1]
*1359 In Owens v. Liberty Mutual Insurance Co., 307 So.2d 313 (La.1975) (hereinafter referred to as “Owens”), the Louisiana Supreme Court reversed our judgment and remanded the case to the trial court for further proceedings consistent with the opinion rendered therein. On 307 So.2d, at 317, Owens held that:
“Under the jurisprudence previously cited, however, a recurrence or aggravation of a hernia initially sustained at work is regarded as compensable and as resulting from injury by accident during the course and scope of the employment, even if by the time of the recurrence the employee had left the original employment. See, e.g., Brock v. Jones & Laughlin Supply Co., 39 So.2d 904 (La. App. 1st Cir.1949). That is, the initial accident at work is the factual and legal cause of the subsequent recurrence and the disability consequent to it, even though the recurrence occurs away from the premises and while the claimant is no longer employed by the master for whom he worked at the time of the initial hernia.”
“This principle is here applicable. Thus, the recurrence of the hernia in 1972 is compensable as a separate hernia, as provided by (4)(q)(4); and prescriptive periods as to compensation for this recurrence commence with this 1972 date. However, a legal cause of this recurrence is regarded, as formerly, as the initial injury (hernia) at work — so that the recurrent hernia results “from injury by accident arising out of and in the course and scope of employment”, as required by (4)(q)(l).
The employer is protected against abuse by the requirements of (q)(l) of prompt report and treatment of the recurrence; but, on the other hand, the employee, who by the 1968 amendment was obliged to submit to surgery and take the risk of recurrence, is protected against such minor but appreciable risk by (4)(q)(4)’s allowance to him of compensation for disability resulting from the recurrence. As compared with the pre-1968 hernia accident, the employer by surgery now terminates his liability as to 19 out of 20 hernia disabilities — but we can find no intention of the 1968 legislation to exempt him from liability for the recurrent hernia just because the recurrence occurs after the workman has left the work premises or the employment.”
On September 16, 1975, this matter was tried again. On February 24, 1976, the trial court rendered judgment awarding plaintiff disability benefits for permanent total disability, “... at the rate of FORTY-FIVE AND 50/100 ($45.50) DOLLARS per week, commencing August 23, 1972, and continuing for a time not to exceed five hundred (500) weeks, ... ”.
In May of 1977, plaintiff suffered his fourth (and last) recurrence of the original hernia, and corrective surgery was performed in November of 1979. Disability benefits of $45.50 per week were paid to plaintiff by Liberty through April 19, 1982. Defendants then terminated the payment of disability benefits to plaintiff as the last payment represented the 500th payment made to him.
In response, plaintiff filed the present action against defendants, alleging that they had failed to recommence the payment of disability benefits to him, as required by law, and that said failure was arbitrary, capricious, and without probable cause.
ADDITIONAL COMPENSATION
Defendants contend (1) that the trial court erred in awarding plaintiff an additional five hundred weeks of disability benefits under the provisions of LSA-R.S. 23:1221(4)(q)(iv)[2], as that statute read at *1360 the time of plaintiff’s original injury[3]; (2) that the trial court incorrectly interpreted certain language found in Owens to mandate this result; and (3) that LSA-R.S. 23:1221(2) (in effect at the time of plaintiff’s original injury) clearly restricted anyone found to be totally and permanently disabled to no more than five hundred weeks of disability benefits.
In Owens, the court stated, on page 316, that:
“The 1968 amendment added subsection (q) to section (4) of La.R.S. 23:1221[3]. Sections (1), (2), and (3) provide for the benefits due for disability — temporary total, permanent total, and partial, respectively. Section (4) provides a schedule of compensation awards for specific losses, including hernia since 1968.
The thrust of the 1968 provisions is to require an employee disabled by a hernia which results from a work-injury to submit to surgery. The penalty for his failure to accept surgery, if not reasonably excused, is the limitation of his weekly compensation to twenty-six weeks.
Nevertheless, to protect the employee from the minor but real risk of recurrence, the 1968 statute further provides at (4)(q)(4): “Recurrence of the hernia following surgery shall be considered as a separate hernia, and the provisions and limitations of this section shall apply.” (Italics ours.) The intent thus manifested, for purposes of the self-contained provisions of the section, is to treat each hernia as separately compensable, as if caused by accident on the date of recurrence.” (Emphasis ours.)
Apparently, the trial court concluded that plaintiff was entitled to receive an additional five hundred weeks of disability benefits based on the above emphasized language found in Owens, and LSA-R.S. 23:1221(4)(q)(iv). We disagree.
It is our opinion that the legislature, in adopting LSA-R.S. 23:1221(4)(q)(iv), never intended to allow a claimant to be declared totally and permanently disabled twice for the same work accident.
LSA-R.S. 23:1221(4)(q)(ii) provided that:
“(ii) If the employee submits to treatment, including surgery, recommended by a competent physician or surgeon, the employer shall pay compensation benefits as elsewhere fixed by this Chapter.” (Emphasis ours.)
Here, plaintiff submitted to the recommended surgery and defendants paid him compensation benefits (under the provisions of LSA-R.S. 23:1221(2)) “as elsewhere fixed by this Chapter”. Thus, plaintiff has received the full amount of disability benefits to which he was entitled.
Defendants also rely on the following language found in Montagnino v. Allstate Insurance Company, 336 So.2d 235 (La.App. 1 Cir.1976), writ denied, 339 So.2d 24 (La.1976), where the court stated, on page 238, that:
“An examination of prior jurisprudence indicates that recovery of workmen’s compensation benefits for total and permanent disability, in eases where the injured party has been granted disability benefits for prior injuries, is contingent on three factors. First, the second injury must be the result of a second separate accident; second, the second injury must be unrelated to the first injury; and third, the injured party must not in fact be totally and permanently disabled, as to the type of work he was performing prior to the second injury.” (Citations omitted.)
*1361 Defendants argue that plaintiff can meet none of the criteria set forth in Montagni-no for a second award of disability benefits for permanent total disability. Therefore, the trial court erred in making such an award to him. We agree. A review of the record clearly shows that plaintiff meets none of these requirements.
OTHER ISSUES
Because of our decision herein, there is no need to discuss the other issues raised by the parties.
DECREE •
For the above and foregoing reasons, the judgment of the trial court is reversed and set aside, and plaintiffs suit is dismissed with prejudice.
All costs of this appeal, and in the trial court, are assessed against plaintiff-appel-lee.
REVERSED AND RENDERED.

. Actually, our judgment read as follows:
"For the reasons assigned, the judgment appealed is affirmed insofar as it sustains the exception of prescription as to the original hernia and the first and second recurrences. As to the third recurrence, the exception of prescription is overruled, but this court of its own motion finds plaintiffs petition fails to state a cause of action. All costs in the trial and appellate courts are assessed against the plaintiff.
Affirmed, as amended.”
*1359 See 296 So.2d, at 452.

. LSA-R.S. 23:1221(4)(q)(iv) provided that:
"(iv) Recurrence of the hernia following surgery shall be considered as a separate hernia, and the provisions and limitations of the Section shall apply." (Emphasis ours.)
When plaintiff suffered his original injury, a very important limitation of the "Section" was that benefits for permanent total disability were restricted to five hundred weeks. The legisla *1360 ture .at that time felt that a person who was determined to be forever unable to do work of any reasonable character was entitled to compensation, for his permanent loss of the ability to earn, only for a period of five hundred weeks.

. All parties appear to accept August 23, 1972 (the date plaintiffs third recurrence was diagnosed) as being the date of plaintiffs "original” injury. This was apparently based on language found in Owens to the effect that, "... the recurrence of the hernia in 1972 is compensable as a separate hernia, as provided by (4)(q)(4); and prescriptive periods as to compensation for this recurrence commence with this 1972 date.” See 307 So.2d, at 317.