DENNIS, Justice.
This is a suit for worker’s compensation following an employee’s fourth recurrence of a hernia.
Plaintiff Owens originally sustained a hernia on July 12, 1968 during the scope and course of his employment by the defendant employer. The initial hernia was corrected by surgery, with compensation benefits for disability from it paid until May of 1969. In October of 1969, the first recurrence occurred, surgery was again performed and compensation was paid through January of 1970. In November of 1971, the second recurrence occurred, the plaintiff again submitted to surgery, and compensation benefits were paid until April, 1972. The third recurrence became manifest on August 23, 1972, and the plaintiff submitted to surgery. Liberty Mutual, compensation insurer for defendant employer, however, refused to pay benefits and Owens filed suit. Following full litigation of the matter, Owens was adjudged permanently and totally disabled and in May of 1976 awarded the maximum weekly benefits provided for by law, commencing August 23, 1972.
The fourth hernia recurrence, which gives rise to the present suit, occurred on May 19, 1977 and was surgically corrected in November of 1979. Plaintiff Owens, who was still receiving compensation payments awarded after the third recurrence, did not file a claim immediately. After receiving the final compensation payment owed under the 1976 judgment, however, Owens demanded reinstatement of compensation payments, claiming that the fourth recurrence is separately compensable.
Following a trial, the district court awarded plaintiff Owens 500 weeks of total and permanent disability compensation based on his fourth hernia recurrence. Defendants appealed, and the court of appeal reversed, 442 So.2d 1357 (1983), dismissing the plaintiff’s suit with prejudice.
The worker’s compensation statute requires an employee disabled by a hernia which results from a work injury to submit to surgery, or else, if not reasonably excused, suffer as a penalty the limitation of his weekly compensation to twenty-six weeks. To protect the employee from the risk of recurrence, the statute further provides at La.R.S. 23:1221(4)(q)(iv): “Recurrence of the hernia following surgery shall be considered as a separate hernia, and the provisions and limitations of this subpara-graph shall apply.” *
This case is a sequel of Owens v. Liberty Mutual Insurance Company, 307 So.2d 313 (La.1975), which concerned plaintiff Owens’ third hernia recurrence. In that case the trial court initially dismissed the plaintiff’s suit as prescribed, and the court of appeal affirmed on the ground that plaintiff had no cause of action because the recurrence did not happen while Owens was working for his initial employer. 296 So.2d 449 (La.App. 3rd Cir.1974). We reversed, holding, in effect, that the recurrence of an employee’s compensable hernia revives his cause of action for compensa *148 tion based on the initial hernia, but is considered as a separate hernia for purposes of determining when the prescriptive period of compensation commences.
The rationale of this court’s interpretation of the statute, as set forth in the first Owens opinion by Mr. Justice Tate, is rooted in jurisprudential and legislative history. Under the jurisprudence, a recurrence or aggravation of a hernia initially sustained at work is regarded as compensa-ble and as resulting from an injury by accident during the scope and course of the employment, even if by the time of the recurrence the employee had left the original employment. See, e.g., Brock v. Jones & Laughlin Supply Co., 39 So.2d 904 (La. App. 1st Cir.1949). That is, the initial hernia accident at work is a legal cause of the subsequent recurrence and the disability consequent to it, even though the recurrence occurs away from the premises and while the claimant is no longer employed by the master for whom he worked at the time of the initial hernia. There was no intention by (4)(q)(iv) to change this rule. The purpose of the legislation is to protect an employee who submits to surgical correction of his work-related hernia injury by providing that, for purposes of prescription, each recurrence shall be considered as a separate hernia, and by continuing the jurisprudential rule that each recurrence revives and continues the employee’s cause of action for compensation based on his original work-related hernia. Owens v. Liberty Mutual Insurance Company, supra at 317.
Since the initial injury (hernia) is regarded as a legal cause of the recurrence, as under the former jurisprudence, the employee’s action based upon the recurrence is a revival or continuation of his cause of action based on the initial hernia. The recurrence does not establish an independent cause of action. Consequently, except for the special prescriptive rule of (4)(q)(iv), which requires that a recurrence be considered as a separate hernia for purposes of prescription, an employee’s action after the hernia recurrence is governed by the same provisions and limitations that apply to the cause of action based on the initial hernia.
Plaintiff Owens was paid the maximum amount of compensation provided by law for his compensable hernia which produced his disability to do work. For purposes of determining the maximum compensation which shall be paid because of this injury each recurrence of the hernia constituted a revival and continuation of the same cause of action and not a new and independent cause of action for compensation. Therefore, Owens cannot recover further under the cause of action based on his initial hernia and recurrences thereof. Accordingly, we conclude that the court of appeal reached the correct result and we affirm its judgment.
AFFIRMED.
BLANCHE, J., concurs and assigns reasons.
WATSON, J., dissents and would reinstate judgment of the trial court.

 “[S]ubparagraph” replaced "section” in Acts 1983, 1st Ex.Sess., No. 1 § 1. This change is inconsequential to the present case.