ALFORD, Judge.
Plaintiff, Reginald Dyson, appeals a judgment dismissing a workers’ compensation claim on an exception of prescription filed by his employer, Champion International Corporation, and its insurer, Aetna Casualty & Surety Co.
Plaintiff was injured in the course and scope of his employment for Champion on or about September 2, 1981. Plaintiff filed suit on January 18, 1983, alleging that he was rendered temporarily and partially disabled as a result of the accident.
The trial court maintained defendants’ peremptory exception of prescription because suit was not filed until more than sixteen months after the accident. Plaintiff does not now argue that any workers’ compensation benefits were paid by defendants and then cut off, nor does he argue that his injury did not manifest itself immediately. Plaintiff’s sole contention is that the prescriptive period for all partial disability claims is three years from the date of the accident; thus, plainitff asserts that the trial court erred in maintaining defendants’ exception of prescription.
LSA-R.S. 23:1209[1] provides for three prescriptive periods for worker’s compensation claims. It provides that a claim for benefits is not prescribed if properly filed within: (a) one year after the accident, or (b) one year after the last payment of compensation, except in cases of partial disability, when the period of three years after the last payment of compensation applies, or (c) one year from the time the “injury develops” if the injury “does not result at the time of, or develop immediately after the accident”, but in no event more than two years after the accident.[2]
The pertinent language of LSA-R.S. 23:1209 is not ambiguous. A partially disabled claimant is granted three years to file suit only when compensation payments have been made and subsequently discontinued. When no compensation benefits have been made, then the three year period *811 is not applicable. See, Fontenot v. South Central Bell Telephone Co., 422 So.2d 695 (La.App. 3rd Cir.1982). No compensation payments were made to this claimant; therefore, the applicable prescriptive period was properly held below to be one year from the date of the accident.
Accordingly, we find no error in the trial court determination that plaintiffs claim had prescribed. Judgment is affirmed at plaintiff-appellant’s costs.
AFFIRMED.

. 1209. Prescription
In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.

. Malone & Johnson, Workers’ Compensation, § 384, 14 La.Civ. Law Treatise 241, et seq. (2d Ed.1980).