DOUCET, Judge.
The sole issue presented by this appeal is whether this workmen’s compensation suit has prescribed. The trial court sustained defendants’ plea of prescription of one year, and dismissed the suit. The plaintiff appeals. We affirm.
Adam Burleigh filed suit on March 9, 1984 against Affiliated Foods, Inc. for workmen’s compensation. The petition alleges that, between October 11, 1982 and March 9, 1983, Burleigh sustained injuries while employed by Affiliated. It is alleged that Burleigh was rendered totally or partially disabled as of March 9, 1983. The pleadings state that Affiliated refused to pay compensation benefits or medical expenses.
On April 30, 1984 the petition was amended by naming Minute Mart Corporation as a defendant. An amendment was later filed to include Minute Mart’s insurer, American Motorists Insurance Company, as a defendant. Also Affiliated was dismissed as a party defendant.
Minute Mart and its insurer filed a plea of prescription on the ground that the pleadings reflect .that the suit against Minute Mart and its insurer was filed more than one year after the accident (March 9, 1983).
It is Burleigh’s position that the provisions of LSA-R.S. 23:1209, in effect at the time of this accident, extended the prescriptive period beyond the one year period. Burleigh contends that he sought compensation for partial disability, thus the three year prescriptive period applies.
LSA-R.S. 23:1209 provides as follows:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the inquiry develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
Under this statute, Burleigh would not be entitled to an extension of the one year prescriptive period unless he had received some payments for partial disability. Fontenot v. South Central Bell Telephone Co., 422 So.2d 695 (La.App. 3rd Cir.1982). Burleigh alleges that he had received no compensation payments after becoming disabled on March 9, 1983. Therefore, the argument, that the prescriptive period was extended on this basis, has no merit.
Further, it is clear that the one year prescriptive period is not extended by virtue of the manifestation of the disability at some time after the accident date of March 9, 1983. Burleigh alleges that he became totally or partially disabled on March 9, 1983.
We conclude that this suit prescribed one year after the March 9, 1983 accident date. The petition filed on April 30, 1984 was too late. The allegations of the petition do not reflect any facts that would have the effect of extending this prescriptive period. Thus, the trial court judgment shall be affirmed.
For these reasons the judgment of the trial court is affirmed. The plaintiff-appellant shall pay the costs of this appeal.
AFFIRMED.